[Civil No. 4465.   Filed December 29, 1941.]

[120 Pac. (2d) 416.]

G. F. MANNING, M. D., Petitioner, v. ANA FROH-
MILLER, as State Auditor of the State of Ari-
zona, Respondent.

Messrs. Wilson, Compton & Wilson, for Petitioner.

Mr. Joe Conway, Attorney General, and Mr. Earl
Anderson, Special Assistant Attorney General, for
Respondent.

LOCKWOOD, C. J.—G. F. Manning, petitioner, has
filed a petition for a writ of *mandamus* against Ana
Frohmiller, state auditor, respondent, commanding

her to approve certain warrants for his salary as superintendent of public health. The facts are not in dispute, the question depending upon the construction of certain parts of chapters 105 and 122 of the laws of the regular session of 1941. These chapters, so far as material to the consideration of this case, read as follows:

"Chap. 105. Sec. 9. *Superintendent.* (a) The superintendent of public health shall be appointed by the board. . . .

"(c) The superintendent shall devote his full time to the duties of the office, and shall not engage in the private practice of medicine in any other occupation. He shall receive a salary, to be fixed by the board within the limits of funds available therefor, of not less than four thousand eight hundred dollars per annum. . . .

"Sec. 13. *Financial Provisions.* (a) The public health fund shall consist of appropriations and of all receipts from any other source for the use of the department. The state treasurer shall receive and disburse moneys donated to or provided for the department by any person, town, city, benevolent organization, or other agency for public health work, and moneys so received shall be deposited in the public health fund. The salaries and expenses of the department shall be paid from said fund. Disbursements therefrom shall be made upon claims signed by the superintendent, in the manner provided by law for payment of other claims against the state.

"(b) Moneys received from the United States, or any agency thereof, for public health purposes, shall be kept in a separate account in the public health fund. Any unexpended and unencumbered balance of federal funds remaining in the public health fund at the end of a fiscal year shall not revert to the general fund."

"Chap. 122. Section 1. The following sums herein set forth are hereby appropriated . . . for the several purposes and objects as hereinafter specified, and the state auditor is hereby authorized and di-

rected to draw warrants on the state treasurer to and not to exceed the amounts herein set forth and for the purpose herein specified; and the state treasurer is hereby authorized and directed to pay said warrants out of the general fund of the state and the appropriation for the respective state agencies herein made. . . .

"Subdivision 18. Board Of Health And Child Hygiene.

| | "For the 30th Fiscal Year | For the 31st Fiscal Year |
|---|---|---|
| "Board of Health and Vital Statistics: | | |
| "Salary-Superintendent and Registrar ............. | $3,600.00 | $3,600.00" |

(Following which are listed specific appropriations for the expense of various sub-departments of the state board of health).

It is the position of the auditor that she is limited in her payment of the salary of petitioner to the amount specifically appropriated for that purpose by subdivision 18, *supra*.

It is the contention of petitioner that so long as there is sufficient in the public health fund as described in section 13, *supra,* in addition to the sums specifically appropriated by the legislature in subdivision 18, *supra,* it is the duty of the auditor to approve warrants for the full amount of the salary fixed by the board of health in accordance with sec. 9 of chap. 105, *supra*.

██ The legislature has the right to delegate to administrative boards the right to fill subordinate positions created by it. *Ex parte Gerino,* 143 Cal. 412, 77 Pac. 166, 66 L. R. A. 249. It may also delegate to them the fixing of the amount of salaries or compensation of public officers. *Meyer* v. *Riley,* 2 Cal. (2d) 39, 38 Pac. (2d) 405; *Chambers* v. *McCol-*

*lum,* 47 Idaho 74, 272 Pac. 707. Subdivision (c) of section 9, *supra,* was, therefore, within the constitutional power of the legislature to enact. It will be noted the language of the subdivision does not limit the salary so fixed to the amount appropriated by the legislature for that purpose but to the "funds available therefor." And subdivision (a) of section 13, *supra,* states that the public health fund consists not only of "appropriations," which of course means appropriations by the legislature, but of any receipts from other sources, including any contributions made by the United States, for the use of the department of public health, and says that the "salaries . . . of the department shall be paid from said fund."

Since it is admitted that the board, acting under express authority from the legislature, has fixed the salary of petitioner at $5,100 per year, and that there is in the public health fund an amount received from sources other than legislative appropriation sufficient, when combined with the appropriation expressly made by the legislature for that purpose, to pay the salary of petitioner as so fixed, we think the reasonable construction of the law is that so long as this is true he is entitled to have his salary warrants approved for the full amount.

The alternative writ heretofore granted is made permanent.

McALISTER and ROSS, JJ., concur.