## Nell Godley Rose DENT *v.* Billy F. ROSE and Bobby D. ROSE

83-171                                    661 S.W.2d 361

### Supreme Court of Arkansas
### Opinion delivered November 28, 1983

*Blaine A. Jackson* and *Ernest G. Lawrence,* for appellant.

*Burrow & Sawyer,* by: *Stephen P. Sawyer,* for appellees.

GEORGE ROSE SMITH, Justice. Jack Farrell Rose died intestate in 1979, survived by his widow (the appellant) and by two sons (the appellees). In 1982 the sons filed a petition in the administration proceedings, asking for a judgment declaring that the widow is not entitled to dower because the dower statutes in force at Rose's death were unconstitutional as being discriminatory as between men and women. This appeal by the widow is from a judgment declaring the dower statutes to be unconstitutinal and denying dower.

The probate judge relied upon our decisions in *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W.2d 372 (1981), and two similar cases, all of which involved the right of a widow to renounce her husband's will and elect to take dower instead. The probate judge did not have the benefit of a case decided more recently, in which we explained that the language in *Stokes* and similar cases was too broad, in that our earlier dower and curtesy statutes were valid in cases of intestacy. because there was no difference between the dower of a surviving wife and the curtesy of a surviving husband. *Beck*

v. *Merritt,* 280 Ark. 331, 657 S.W.2d 549 (1983). The appellant is therefore entitled to dower in the present case.

Reversed.