Jimmy SMITH, Administrator of the
Estate of James Albert SMITH,
Deceased *v.* The GOODYEAR TIRE
& RUBBER COMPANY

76-351                                             549 S.W. 2d 798

Opinion delivered May 2, 1977
(Division II)

*Murphy & Carlisle,* for appellant.

*Erwin L. Davis,* for appellee.

DARRELL HICKMAN, Justice. This case is an appeal from a summary judgment granted to Goodyear Tire and Rubber Company and its local store against Jimmy Smith, Administrator for the estate of James Albert Smith. The Washington County Circuit Court granted the judgment because the attorney for appellant, Jimmy Smith, Administrator, failed to file a response to the requests for admission of facts within the ten days required by Arkansas law.

Only two issues are raised on appeal. The appellant argues the trial court abused its discretion in granting the judgment because the responses were not timely filed and there remained material facts in dispute.

The facts necessary to make a decision are essentially undisputed. Goodyear filed suit against Smith, Administrator, on a promissory note alleged to have been signed by the deceased, James Albert Smith. Smith filed a motion to quash the summons and service. It was overruled. Smith filed a demurrer and an answer generally denying the allegations of the complaint. Goodyear filed forty-six requests for admission of facts on November 12, 1975, attaching to the requests copies of the promissory note, a deed and various certificates of title to vehicles. It is not disputed that the attorney for appellant called the attorney for appellee and stated he would get the answers filed on the 25th of November. They were not filed until November 26th, fourteen days after the requests were filed. Most of the answers to the requests were either "denied" or "unknown — neither denied nor admitted".

The Arkansas law provides that answers to requests for admission of facts will be filed within ten days from service. Ark. Stats. Ann. § 28-358 (Repl. 1962). The appellant admits that the answers were not filed within the time period required by the statute, nor were they filed on the date appellant agreed to file them. Furthermore, the appellant did not request from the court additional time to answer. Perhaps more important, the responses to the requests were almost all

unresponsive. We have held that where a fact cannot be admitted, the reasons must be set forth in detail. See *White River Limestone Products Company* v. *Mo.-Pac. Railroad Company,* 228 Ark. 697, 310 S.W. 2d 3 (1958). If the answers are not responsive, we deem the admissions requested to be admitted. *Brown* v. *Lewis,* 231 Ark. 976, 334 S.W. 2d 225 (1960). We have held that the trial court has not abused its discretion by failing to grant summary judgment when requests for admissions have been filed three days late. See *Gatlin* v. *Cooper Tire and Rubber Company,* 252 Ark. 839, 481 S.W. 2d 338 (1972). In this case, however, the answers were not only filed late, without good cause, but also they were unresponsive. We cannot say that the trial court abused its discretion in granting the summary judgment.

We have reviewed the record and find no merit to the appellant's argument that there remain essential facts in dispute.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.