Mary W. HESS and Jean W. MORTON *v.*
Geraldine WIMS, Executrix

80-229                                                    613 S.W. 2d 85

Supreme Court of Arkansas
Opinion delivered February 23, 1981
[Rehearing denied April 13, 1981.]

*Friday, Eldredge & Clark*, by: *George Pike, Jr.*, for appellants.

*Knox Kinney*, for appellee.

ROBERT H. DUDLEY, Justice. Appellants challenge the constitutionality of the Arkansas laws that allow a widow, but not a widower, to take against a will and to receive dower interests, statutory allowances and homestead rights.

Mary Hess and Jean Morton, the appellants, and the decedent Hoyt Wims, were the only three children of their parents. When their mother died, Jean Morton was appointed administratrix, and the mother's Mississippi land was sold. The proceeds were given to Hoyt Wims to purchase 57 acres in St. Francis County, where the children had grown up, and their father was to be allowed to live there during his lifetime. Hoyt Wims was to leave the balance of his estate to his two sisters, if they survived him. In 1970, he had a will prepared which left all of his property to his two sisters, subject to a life estate in their father in the real estate.

The father died, and Hoyt Wims became terminally ill. In 1978, during the last year of his life, he married Geraldine Wims and moved into the home she had owned and occupied for a number of years.

After the death of Hoyt Wims in 1979 and the admittance of his will to probate, Geraldine Wims, the appellee widow, elected to take against the will and petitioned for the award of statutory allowances, dower and homestead inter-

ests. The trial court, in reliance on our gender based statutes, granted her the relief asked.

The decedent, by a will, left his property to his sisters, the appellants. The statutes in question allow the widow to take part of that property in frustration of the will and to the detriment of appellants. They have that type of personal stake in the outcome of this case that will cause the issues to be developed in a fully adversary proceeding as is necessary to present all issues in difficult constitutional questions, and therefore they have standing.

Appellee filed her election pursuant to Ark. Stat. Ann. § 60-501 (Repl. 1971). This statute allows a widow to take dower against the will of her husband under any condition, but allows the husband to take curtesy against the will of his wife only if her will was executed before the. marriage. Dower is an inchoate right, while curtesy may be defeated. No valid compensatory purpose or justifiable governmental function can be found to sustain this gender-based discrimination. This statute must be declared in violation of the Equal Protection clause of the Fourteenth Amendment. *Orr* v. *Orr*, 440 U.S. 268 (1979).

State and federal statutes discriminating against males upon the presumption that all males are superior to females in financial matters have been held to be unconstitutional in recent years. Most recently, in *Wengler* v. *Druggist Mutual Insurance Co.*, 446 U.S. 142 (April 22, 1980), the United States Supreme Court held that a Missouri workers' compensation law denying a widower benefits on his wife's work-related death and providing that under the same circumstances a widow could have obtained benefits from her husband's death was an illegal sex discrimination. The Court stated that the burden is on those defending the discrimination to make out the claimed justification, and it is not sufficient that a number of years ago the Legislature thought widows to be more in need of help than widowers.

The United States Supreme Court and this court in recent years have declared invalid a number of gender based laws. In *Reed* v. *Reed*, 404 U.S. 71 (1971), a provision of the

Idaho probate code which preferred males over females was declared void. *Califano* v. *Goldfarb*, 430 U.S. 199 (1977), held unconstitutional a provision of the Social Security laws denying a widower benefit from the death of his wife because he could not prove he was receiving at least one-half of his support from her, while a widow would automatically have been entitled to such benefits. *Weinberger* v. *Weisenfeld*, 420 U.S. 636 (1975), held unconstitutional a provision of the Social Security Act not providing for a widower to receive benefits for a minor child in his care, while a widow would be entitled to the benefits.

In *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1975), we declared unconstitutional the statute providing for maintenance and attorney fees for wives only, and in *Noble* v. *Noble*, 270 Ark. 602, 605 S.W. 2d 453 (1980), we declared discriminatory alimony and division of property statutes are unconstitutional. These decisions were based on *Orr* v. *Orr*, supra, a United States Supreme Court decision finding the laws of Alabama which allowed temporary maintenance and attorneys fees to wives but not to husbands were prohibited.

Our case of *Lucas* v. *Handcock*, 266 Ark. 142, 583 S.W. 2d 491 (1979), found a statute unconstitutional which allowed illegitimate children to inherit from their mother and not their father. This followed the case decided by the United States Supreme Court, *Trimble* v. *Gordon*, 430 U.S. 762 (1977). The present case presents another set of statutes based upon an impermissible presumption.

In this case the appellee elected to take her right of dower rather than proceed under the will. Ark. Stat. Ann. §§ 61-206, 207 and 208 (Repl. 1971) give the wife a right of dower which cannot be defeated by a husband's conveyance. The comparable curtesy statutes, Ark. Stat. Ann. §§ 61-228 and 229 (Repl. 1971), allow the wife to defeat curtesy by conveyance. These statutes provide dissimilar treatment for men and women who are similarly situated. We can find no justification for this discrimination. We hold the dower statutes applied in this case, §§ 61-206 and 208, are un-constitutional. Today, in *Stokes* v. *Stokes*, 271 Ark. 300, 613

S.W. 2d 372 (1981), a case involving a widow and children, we hand down a decision invalidating the following companion statutes: §§ 61-201, 202, 203, 207 and 210.

Ark. Stat. Ann. § 62-2501 (Repl. 1971) provides allowances to a widow, but not a widower, of $2,000 plus $500 sustenance. Under the facts in this case and the language of the statute, we can find no way to extend the benefits to the disfavored class and, accordingly, we find it necessary to deny the benefits to both widowers and widows by declaring the statute unconstitutional as applied. In today's companion *Stokes* case, supra, we hold this statute is unconstitutional in the event there are minor children.

Pursuant to Article IX, Section 6 of the Arkansas Constitution, the appellee, as a widow with no children, was awarded homestead against the interests of appellants. This means that appellee, during her lifetime, is entitled to possession of the homestead and all rents and profits from the lands devised to appellants.

Our Constitution makes no comparable homestead provision for men. Had the appellee widow died before Hoyt Wims, he could not have been allowed possession of her home, even though he had none. This constitutional provision is discriminatory and we find no valid governmental function to justify this dissimilar treatment of widows and widowers. This provision as applied in this case violates the Fourteenth Amendment. There is no language in this section which will allow us to extend the homestead benefits to widowers without children, and, as a result, we hold the provision invalid as applied. We do not reach a decision on this section in the event there are children, as the State might make a valid argument that the provision is justifiable.

While dower, statutory allowances and homestead have been favored provisions of our law for nearly 150 years, it is now impermissible to presume that all females are inferior to males in financial matters. Accordingly, we find the gender based discriminatory statutes and constitutional provision relied upon to grant the election to take against

the will, the widow's allowances, dower and homestead to be unconstitutional as applied in this case.

Reversed and remanded for proceedings not inconsistent with this opinion.