Ronald E. STOKES, Executor of
the Estate of Carl J. STOKES
et al *v.* Charlene STOKES

80-141                                                613 S.W. 2d 372

Supreme Court of Arkansas
Substituted Opinion on Rehearing
delivered February 23, 1981

*Richard C. Peel & Ike Allen Laws, Jr.,* for appellants.

*Jon P. Shermer, Jr.,* for appellee.

JOHN I. PURTLE, Justice. In our opinion of December 8, 1980, we affirmed the order of the trial court. On petition for rehearing we reverse and remand. Inasmuch as the December 8, 1980, opinion was been published, we will restate the facts.

This appeal is from an order of the Pope County Probate Court allowing the appellee (widow) to take against the will of decedent, Carl J. Stokes. Appellants argue that several Arkansas statutes and a part of the Arkansas Constitution are. invalid because they violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. We agree with the contention of the appellants.

January 4, 1975, decedent, Carl J. Stokes, executed a will in which he bequeathed 30 acres of land and personal property to Charlene Wilson. The residue of his property was bequeathed to his two adult children. He married Charlene Wilson shortly after executing the will. During the marriage between Charlene and the decedent they disposed of the 30 acres mentioned in the will. Carl J. Stokes did not execute another will after the marriage to Charlene, appellee herein. He died on January 15, 1979, leaving appellee as his widow and Ronald E. Stokes and Nancy Stokes Cornwell, appellants, as the beneficiaries under the will of January 4, 1975. Appellants were his only children and were the named beneficiaries in the will which was admitted to probate on January 17, 1979. Ronald E. Stokes was appointed executor of the will.

April 27, 1979, appellee filed an election pursuant to Ark. Stat. Ann. § 60-501 (Repl. 1971) to take against the will. November 1, 1979, the executor conveyed certain real properties to James R. Ford and his associates. On the same day Ford and associates mortgaged the property to the Bank of Ozark.

November 6, 1979, appellee filed a petition for assignment of dower in the property sold to Ford as well as other property. Ford and associates and the Bank of Ozark were made parties to the petition. Appellants amended their response to the petition of the widow by alleging Ark. Stat. Ann. §§ 60-501 - 60-507, §§ 61-202 - 61-233, §§ 62-701 - 62-727, §§ 62-2501 - 2502, and Art. 9 § 6 Constitution of Arkansas were unconstitutional inasmuch as they violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. They further alleged these statutes violated the Fifth Amendment to the United States Constitution and were arbitrary and discriminatory as they were gender based thereby failing to provide due process and equal protection to a husband. By order dated April 15, 1980, the probate court assigned dower and granted statutory allowances to appellee.

Appellants appeal from the order granting the petition by the widow to take against the will. They argue that the statutes allowing the widow to take against the will are unconstitutional. They also argue that the appellants have standing to bring this action.

We first consider the question of whether the appellants had standing to seek the relief they sought. We will consider standing only as it relates to Ronald E. Stokes and Nancy Stokes Cornwell because the interest of the other appellants flow out of any right the children of Carl J. Stokes may have in this matter. There is no question but that appellants must have suffered injury or belong to a class which is prejudiced by a statute or constitutional provision before they have standing to challenge its validity. According to Arkansas law of descent and distribution, the property of a decedent becomes vested in the heirs or legatees at the time of his death. There is no question that the decedent's two children would eventually have an interest in the property, as they are the only heirs at law of Carl J. Stokes. However, the dispute is whether they have a present standing to bring this action. It is obvious that they have a direct monetary interest in the outcome of this lawsuit. If the widow cannot take against the will, then the appellants will divide Carl J. Stokes' estate. Obviously, the estate is considerably reduced if the widow is allowed to take against the will as directed by the probate court. It is ap-

parent that by the widow taking against the will the interest of the surviving heirs is diminished. We do not think the claim of the children of Carl Stokes rests upon the legal rights of another. Each of the two children of the decedent will stand an immediate monetary loss if the probate court is upheld. Therefore, we find appellants do have standing to bring this action. *Barrows* v. *Jackson*, 346 U.S. 249 (1953); *Eisenstadt* v. *Baird*, 40 U.S. 438 (1972).

We now consider the Arkansas laws relating to the right of a widow to take against the will. We will consider here only the provisions of the law which are in issue and were argued in the briefs. We will not consider the validity of other laws which are based on gender. The dissent in the original opinion, which is now the majority opinion, pointed out that other statutes would fall when the time came. The time is here.

The United States Supreme Court has clearly indicated it will stike down all gender based laws which do not serve a legitimate governmental purpose and are reasonably designed to accomplish that purpose. *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102 (1979); *Wengler* v. *Druggist Mutual Insurance Company*, 446 U.S. 142 (1980); *Califano* v. *Goldfarb*, 430 U.S. 199 (1977); *Califano* v. *Westcott*, 443 U.S. 76 (1979); *Stanton* v. *Stanton*, 421 U.S. 7 (1975); *Trimble* v. *Gordon*, 430 U.S. 762 (1977).

The first statute to be considered will be Ark. Stat. Ann. § 60-501 which reads as follows:

When a married man dies testate as to all or any part of his estate, or when a married woman dies leaving as her Last Will and Testament one executed prior to her marriage, the surviving spouse shall have the right to take against the will; and in the event of such election the rights of the surviving spouse in the estate of the deceased spouse shall be limitd to the following:

(a) The surviving spouse, if a woman, shall receive dower in the deceased husband's real estate and personal property as if he had died intestate, which dower

shall be additional to her homstead rights and statutory allowances;

(b) The surviving spouse, if a man, shall receive a curtesy interest in the real and personal property of the deceased spouse to the same extent as if she had died intestate.

(c) But if after the assignment of dower or curtesy, as the case may be, and the payment of all statutory allowances, taxes and debts, and the satisfaction of all testamentary gifts and devises, there shall remain some residue of the deceased spouse's estate which is not disposed of by will, then, provided the deceased spouse shall have been survived by no natural or adopted child (or the descendants of any natural or adopted child), and by no parent, brother, sister, grandparent, uncle, aunt, great grandparent, great uncle or great aunt (or the lineal descendants of any of them), the surviving spouse will take by inheritance such undisposed of residue.

There is no question but that § 60-501 is gender based. The question then is whether the statute serves an important governmental function and if so is the statute geared to achieve that objective. Decedent could not, while he was married, dispose of any of his real property nor could he do so by will as to the interest of appellee. On the other hand, the wife (widow) was free to dispose of any or all of her interest in real property at any time she decided to do so. We do not believe this statute meets the test and hereby declare Ark. Stat. Ann. § 60-501 unconstitutional.

We think the rationale of *Orr* v. *Orr*, supra, is applicable in the present situation. We have applied *Orr* in cases where we have ruled certain statutory provisions relating to divorce unconstitutional. *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979). In *Hatcher* we ruled Ark. Stat. Ann. § 34-1210 unconstitutional because it was gender based. We think that Ark. Stat. Ann. § 60-501 has the same infirmities as Ark. Stat. Ann. § 34-1210.

The second statute which appellant claims is unconstitutional is Ark. Stat. Ann. § 61-201. This statute simply gives the widow a dower right of one third of the lands which her husband was seized that the time of his death. For the reasons previously stated this statute is also unconstitutional. This statute gives the widow a dower in not only the lands which her husband was seized at the time of his death but any lands held by him at any time during the marriage. It has the same defect as those previously mentioned and is declared unconstitutional. Ark. Stat. Ann. § 61-202 gives the widow the right to one third of the personal property which her husband owned at the time of his death. There is no complementary statute which allows a husband to take this type of property against a will. We cannot see any governmental function in this statute. It, too, must be declared unconstituitonal. We also are asked to consider Ark. Stat. Ann. § 61-203. This is an attempt to broaden the grants in the above statutes by allowing the widow to take dower in bonds, bills, notes, accounts and evidence of debt which her husband owned at the time of his death. It has the same defects as the other statutes. Ark. Stat. Ann. § 61-207 has the same infirmity as mentioned above in § 61-201. This statute gives the wife dower interest in property which her husband may have disposed of during the marriage without her consent. Again, the husband has no equal rights. In fact, he has no rights against the wife's conveyances. Ark. Stat. Ann. § 61-208 is simply another way of saying that the widow has rights in her husband's property. It is merely an expansion of rights previously conferred by other statutes. Having the same infirmities as the other, it must fail as an unconstitutional statute. Ark. Stat. Ann. § 61-210 gives a widow dower interest in property which was mortgaged by the husband before the marriage. This right was against everybody except the mortgagee. In any event, it is gender based and is hereby declared unconstitutional.

We next consider Ark. Stat. Ann. § 62-2501. This statute provides for certain benefits to widows and minor children. We hold this statute invalid as it relates to the rights conferred upon a widow. There are no rights provided for a surviving husband. The statute involves both homestead and dower. Therefore, we hold only the dower provisions of this

statute unconstitutional. Since homestead and minor children rights are not involved in the action before us, we do not make a decision relating to the rights granted these people under the above statute.

Finally, we consider the argument that Art. 9 § 6 of the Constitution of the State of Arkansas is unconstitutional. We recognize that the above provision is gender based. However, in keeping with precedent, we do not decide the validity of this provision of the constitution because homestead is not involved in the case before us.

Reversed and remanded with directions to proceed in a manner not inconsistent with this opinion.