Helen Strohl HALL *v.* Lamar HALL, Executor

81-135                                             623 S.W. 2d 833

Supreme Court of Arkansas
Opinion delivered November 16, 1981

*House, Holmes & Jewell, P.A.,* by: *Philip E. Dixon* and *Daryl G. Raney,* for appellant.

*Harold L. Hall* and *Randall L. Gammill,* for appellee.

GEORGE ROSE SMITH, Justice. Charles L. Hall died on April 1, 1980. His will left all his property to a minor son adopted during an earlier marriage. The appellant, Hall's widow, who had married him in 1977, filed an election to take against the will and a petition for her statutory allowances. Ark. Stat. Ann. §§ 60-501 and 62-2501 (Repl. 1971). The appellee executor filed a response on October 6, 1980, aserting the unconstitutionality of the statutes. On

December 2 the executor reasserted his position in a motion for summary judgment. On February 25, 1981, the probate court entered a summary judgment denying the widow any interest in the estate and citing our decisions handed down two days earlier. *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W. 2d 372 (1981); *Hess* v. *Wims,* 272 Ark. 43, 613 S.W. 2d 85 (1981). This appeal is from that summary judgment. Our jurisdiction attaches under Rule 29 (1) (c).

We decline at the outset to overrule *Stokes* and *Hess,* which disposes of the appellant's first argument.

Second, the appellant asks that *Stokes* and *Hess* not be given any retroactive effect. Her argument is that at one time the Supreme Court held that an unconstitutional statute confers no rights. *Norton* v. *Shelby County,* 118 U.S. 425 (1886). It is asserted, however, that in recent years the Supreme Court has modified that rigid rule by holding that some constitutional decisions should have prospective effect only. *Lemon* v. *Kurtzman,* 411 U.S. 192 (1973); *Chevron Oil Co.* v. *Huson,* 404 U.S. 97 (1971).

We do not regard the Supreme Court's gradual change of language — which is all we think it to have been — as having the far-reaching effect the appellant attributes to it. A constitutional decision such as *Stokes* or *Hess* has never been completely retroactive in the sense that a widow who was awarded her statutory dower some years before those cases were decided could now be stripped of her estate at the demand of a disgruntled heir. The death knell of our gender-based statutes governing the widow's dower and allowances was actually sounded on March 5, 1979, when the Supreme Court decided *Orr* v. *Orr,* 440 U.S. 268. After that pronouncement the invalidity of our statutes was promptly raised in *Stokes,* in *Hess,* and in the case at bar, before the rights of the widows had finally vested. Thus the present appellant, Mrs. Hall, is in precisely the same position as were Mrs. Stokes and Mrs. Wims in the earlier cases. Those decisions are not being applied retroactively when we treat her exactly as they were treated.

Third, the defect in our gender-based statutes was

corrected as of March 25, 1981, by the enactment of Act 714 of 1981, which created gender-neutral awards of dower, curtesy, and allowances. §§ 60-501 and 62-2501 (Supp. 1981). The appellant argues that we should somehow make that statute retroactive or reach the same result by extending the benefits of the earlier dower statutes to surviving husbands.

We do not think that such an essentially legislative step lies properly within the power of the courts. We adhere to our view, expressed only recently, that Act 714 is substantive rather than procedural and therefore should not be applied retroactively. *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W. 2d 159 (1981). Nor can the principle of *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 21 (1980), be invoked as a basis for awarding this appellant an interest in her late husband's estate. For one thing, *Sweeney* dealt with alimony, a periodic allowance lying continuously within the control of the chancery court. For another, that decision rested upon the inherent powers of a court of equity; but this appeal is from the probate court, which is a court of law. *Merrell* v. *Smith*, 226 Ark. 1016, 295 S.W. 2d 624 (1956); *Young* v. *Young*, 201 Ark. 984, 147 S.W. 2d 736 (1941).

Affirmed.