Jewel Smith CONSER and Shirley Smith BRENNEMAN *v.* Jessye S. BIDDY, Ellen S. BRIDGES and Rabye S. McCALL

81-67                                     625 S.W. 2d 457

Supreme Court of Arkansas
Opinion delivered December 7, 1981

*Thomas G. Montgomery,* for appellants.

No brief for appellee.

STEELE HAYS, Associate Justice. The issue of this appeal is the constitutionality of yet another gender-based statute— Ark. Stat. Ann. § 50-415 (Repl. 1971), which reads:

> Conveyance of homestead. — No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same.

The chancellor held the statute unconstitutional because the same privileges and protections given wives under the statute were not afforded husbands. Appellants ask that we reverse the decree but we decline, as the holding and the result are correct.

In July 1977, Marion T. Smith executed a quitclaim deed to 80 acres to three daughters but reserved a life estate to himself and all rights of dower and homestead to his wife, Earline Smith, who did not sign the deed. After Smith's death his daughters, the appellees, petitioned for a declaratory judgment to determine the validity of the quitclaim deed, naming the surviving spouse and six heirs as respondents. The chancellor awarded Earline Smith dower and homestead rights reserved under the deed and refused to declare the deed invalid under § 50-415, holding instead that the statute was unconstitutional. Two of the heirs have appealed, contending that the chancellor was in error. Just how their interest is affected is not apparent from the record.

This case pre-dates Act 714 of 1981 of the Arkansas Legislature, enacted shortly after the decree was entered, amending § 50-415 and numerous other statutes relating to the property rights of married persons, so as to comport with

recent decisions of the United States Supreme Court and the Arkansas Supreme Court holding statutes mandating gender-based discrimination to be a violation of the Equal Protection Clause of the Fourteenth Amendment. Act 714 eliminates any discrimination by substituting a neutral-based treatment of married persons for a gender-based treatment. The statute now reads:

> Conveyance of homestead. — No conveyance, mortgage or other instrument affecting the homestead of any married person shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his or her spouse joins in the execution of such instrument and acknowledges the same.

To be valid, gender-based discriminations must serve important governmental objectives and the discriminatory means employed must be substantially related to the achievement of those objectives. *Wengler* v. *Druggest Mutual Insurance Company*, 446 U.S. 142 (1980); *Califano* v. *Westcott*, 443 U.S. 76 (1979); *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102 (1979); *Califano* v. *Goldfarb*, 430 U.S. 199 (1977); *Trimble* v. *Gordon*, 430 U.S. 762 (1977); *Stanton* v. *Stanton*, 421 U.S. 7 (1975).

Undoubtedly, the gender-based discrimination of § 50-415 (Act 64 of 1877, § 1) is built on the assumption that in financial matters males are necessarily superior to females. Whatever rational basis may have existed a century ago in support of that concept has been dissipated by social and economic changes of the last half century. In several recent cases we have held this assumption impermissible by invalidating similar gender-based statutes and we can find no valid governmental interest served by this statute. *Hall* v. *Hall*, 274 Ark. 266, 623 S.W. 2d 833 (1981); *Hess* v. *Wims*, 272 Ark. 43, 613 S.W. 2d 85 (1981); *Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W. 2d 372 (1981); *Noble* v. *Noble*, 270 Ark. 602, 605 S.W. 2d 453 (1980); *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979).

Appellants urge that if § 50-415 is to be declared unconstitutional the holding should be prospective only, as it

would not be fair to apply it in this case. Standing alone, the argument has weight because the quitclaim deed was signed some 18 months prior to the decision in *Orr* v. *Orr, supra,* which sounded the death knell of gender-based discriminatory statutes. *Hall* v. *Hall, supra.* Hence, it could be argued that prospective treatment should be given here as in *Lemon* v. *Kurtzman,* 411 U.S. 192 (1973). However, we decline to take that course, but for an entirely different reason; we believe the statute has no application to this quitclaim deed and so the chancellor was right in the result as well as in the fundamental question of constitutionality. The purpose of this statute was to protect the wife by preventing the husband from making valid conveyance or encumbrance of the homestead unless she joined in the deed. *Park* v. *Park,* 71 Ark. 283, 72 S.W. 993 (1903). But where the instrument expressly recognizes her homestead and reserves that right to her, it is not an "instrument affecting her homestead" within the prohibition of § 50-415. Where the homestead is not curtailed by the conveyance, as in this case, to invalidate the deed would be a senseless and repugnant restraint on the right of alienation of real property. (See generally cases cited in 31 Corpus Juris Secundum, ESTATES, Alienation, § 8 (2), at page 26.)

The chancellor was correct in holding that the gender-based discrimination of Ark Stat. Ann. § 50-415, which existed prior to its amendment by Act 714, is unconstitutional and was correct in the result and accordingly, we affirm the decree.

Hickman, J., concurs.