Charlene STOKES, Widow of Carl STOKES *v.* Ronald E. STOKES, Executor of the Estate of Carl J. STOKES, Deceased

81-192                                                    628 S.W. 2d 6

Supreme Court of Arkansas
Opinion delivered February 8, 1982
[Rehearing denied March 8, 1982.]

*Jonathan P. Shermer, Jr.,* for appellant.

*Richard L. Peel,* for appellee.

JOHN I. PURTLE, Justice. Carl J. Stokes died testate on January 15, 1979. His widow, Charlene, subsequently filed an election in probate to take against the will pursuant to Ark. Stat. Ann. § 60-501 et seq. (Repl. 1971). Her election was upheld by the probate court but on appeal to this court we declared the statutes unconstitutional. *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W. 2d 372 (1981). On April 29, 1981, the widow filed a new election for assignment of dower pursuant to Act 714 of 1981, codified as Ark. Stat. Ann. § 60-501 (Supp. 1981). The probate court dismissed her second election petition. At the same time the court dismissed a petition by the executor for an accounting on certain properties which were being managed by the widow as well as a third party complaint which had been filed by the widow.

The widow appeals from the order rejecting her election to take against the will, and the executor cross-appeals from the order refusing to require an accounting by the widow. We affirm both on direct and cross-appeal.

On February 23, 1981, we declared unconstitutional the original statute under which the widow claimed. Subse-

quently the legislature enacted a new statute which was not gender based and allowed a widow to take the same as she could have taken under the old statute. Act 714, under which the widow presently claims, was enacted by the legislature on March 25, 1981. In *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W. 2d 159 (1981), we held that Act 714 cannot be applied retroactively. Appellant's claim arose prior to enactment of Act 714 and she cannot prevail under her present claim. We have previously declared the statute under which she claimed her first election to be unconstitutional. Therefore, the appellant is not entitled to dower rights from the estate of Carl J. Stokes.

On the cross-appeal we are unable to hold the judge was clearly erroneous. It appears from the abstract and briefs that the petition in probate for accounting by the executor and the third party complaint by the widow were dismissed without prejudice to have the matters heard in the chancery court. Chancery court has the power to have an accounting even though it could have been had in the probate court where the matter was pending. Ark. Stat. Ann. § 62-2004 (b) (Repl. 1971).

Affirmed on direct and cross-appeal.