262

Elaine Curtis BENNETT *v.* The Estate of Keith
R. BENNETT, Deceased

81-216                                                628 S.W. 2d 565

Supreme Court of Arkansas
Opinion delivered March 8, 1982

*Gibson & Bearden* and *David E. Caywood,* Memphis,
Tenn., by: *Michael R. Bearden,* for appellant.

*Mitchell D. Moore,* of *Moore, Moore & Barton* and
*Branch & Thompson,* by: *Robert B. Branch, Sr.,* for
appellee.

ROBERT H. DUDLEY, Justice. On February 23, 1981, we
declared the then existing dower statutes unconstitutional
because of gender-based discrimination. *Stokes* v. *Stokes,*
271 Ark. 300, 613 S.W. 2d 372 (1981); *Hess* v. *Wims,* 272 Ark.
43, 613 S.W. 2d 85 (1981). The new dower statutes, Ark. Stat.
Ann. title 61, Chapter 2 (Supp. 1981) did not become
effective until March 25, 1981. This is another, in a series of
cases, involving an attempted claim of dower before the
effective date of the new dower act. See *Huffman* v. *Dawkins,*
273 Ark. 520, 622 S.W. 2d 159 (1981) and *Hall* v. *Hall,* 274
Ark. 266, 623 S.W. 2d 833 (1981). The trial court denied the
widow's right to take against the will and we affirm that
decision.

Keith R. Bennett, appellant's husband, died in an
automobile accident in California on December 19, 1980. At

the time decedent and appellant were separated and a divorce action was pending with the decedent having custody of their three minor children. The decedent executed a will on June 10, 1980, which was admitted to probate on January 2, 1981, which established a trust for the benefit of decedent's wife and children. The trustee was to pay $5,000 annually to appellant plus other enumerated sums for the children's welfare. Appellant filed an election to take against the will on April 15, 1981, and later filed an amended election. A demand for allocation of dower was filed by appellant on April 23, and the decedent's personal representative filed a response. The lower court denied the right to take against the will and this appeal ensued.

Appellant admits that the substantive right to dower became fixed on her husband's death, but she contends that the statute authorizing the election to take against the will, Ark. Stat. Ann. § 60-501 (Supp. 1981), which was effective before the date of her election on April 15, 1981, dealt exclusively with procedure, and not with the substantive rights of the person so taking. Appellant contends that cited statute, if procedural, may be applied retroactively to allow the statutory election and, since the substantive dower statutes have been declared unconstitutional we should exercise our inherent power and apply the substantive common law of dower. The appellee responds that such a holding would amount to the same discriminatory scheme being allowed under the guise of common law. To that response the appellant answers that the capacity of common law for growth and adaptation to new conditions is one of its most admirable features. It is constantly expanding and developing and whenever an old rule is found unsuited to the present conditions, or is unsound, it should be set aside and a rule declared which is in harmony with those conditions and meets the demands of justice, which, in this case, requires extending dower to males by judicial fiat.

At the time we decided *Hess,* supra, and *Stokes,* supra, we considered and rejected the concept of extending to males, by judicial rule, dower, homestead and statutory allowances. In *Hess,* supra, we stated: "Under the facts in this case and the language of the statute, we can find no way

to extend the benefits to the disfavored class and accordingly, we find it necessary to deny the benefits to both widowers and widows by declaring the statute unconstitutional as applied." The overriding reason we decided not to attempt to extend the benefits to the disfavored class is that the legislature of a state has the power to give or withhold dower. The General Assembly could enact a new dower statute, as it did, or it could have withheld it altogether and it is properly a matter of statutory regulation to say what interest, if any, married persons shall have in the property of each other as an incident of the relation between them.

Affirmed.