Ella Mae THOMAS *v.* Modean GERTSCH, Emmette D. THOMAS, Eula Faye THOMAS, His Wife, and Dewey THOMAS

81-257                               630 S.W. 2d 43

Supreme Court of Arkansas
Opinion delivered March 29, 1982

*W. B. Guthrie, Jr., Ltd.,* by: *Robert M. Abney,* for appellant.

*Homer Tanner,* for appellees.

ROBERT H. DUDLEY, Justice. Appellant Ella Mae Thomas filed suit in chancery court alleging that she had been unduly influenced and coerced into relinquishing her dower interest in a 220 acre tract of land previously owned by her late husband and conveyed to their children, the appellees. The warranty deed to this tract was executed on May 21, 1976, and reflects the relinquishment of appellant's dower interest. Appellant alleged in her complaint that at the time of the execution of the deed she was on medication, suffering from mental and physical problems. Her husband died on October 31, 1979, and appellant's complaint was filed on December 3, 1980. Appellees moved for dismissal of appellant's complaint alleging that the appellant had no cause of action because the statute granting her an inchoate right of dower had been declared unconstitutional in *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W. 2d 372 (1981) and *Hess* v. *Wims,* 272 Ark. 43, 613 S.W. 2d 85 (1981) handed down on February 23, 1981. Appellant responded to this motion by stating that Act 714 of 1981 which was passed in March of 1981 to cure the defects in the dower statutes should be applied in this case. The trial court sustained the motion to dismiss finding that the appellant had no vested right of dower, basing the decision on *Stokes* and *Hess.* We affirm.

Appellant admits that Act 714 of 1981, which was passed to cure the defects in our dower laws and related statutes, is not applied retroactively. *Huffman* v. *Dawkins & Holbrooks,* 273 Ark. 520, 622 S.W. 2d 159 (1981); *Bennett* v. *Bennett,* 275 Ark. 262, 628 S.W. 2d 565 (1982). However, the appellant contends that the trial court erroneously gave *Stokes* and *Hess* a retroactive application. The trial court was correct because the appellees raised the issue of the invalidity of our dower statute before any dower rights were vested in appellant, just as was done in *Stokes*

and *Hess.* The appellant did not have a vested right in lands formerly owned by her husband on the date of his death. "Thus the present appellant . . . is in precisely the same position as were Mrs. Stokes and Mrs. Wims in the earlier cases. Those decisions are not being applied retroactively when we treat her exactly as they were treated." *Hall* v. *Hall, Ex'r,* 274 Ark. 266, 623 S.W. 2d 833 (1981).

Affirmed.