Bynum GENT *v.* James Eugene GOIN and Dorothy Jean ENEGREN, Executors of the Estate of Edith Gertrude Goin GENT, Deceased

82-23                                   631 S.W. 2d 303

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Homer E. McEwen, Jr.,* for appellant.

*Gary E. Johnson,* for appellees.

STEELE HAYS, Justice. Appellant, Bynum Gent, seeks to establish a curtesy interest in the estate of Mrs. Edith Gertrude Goin, whom he married on September 13, 1978. They lived together until her death on March 5, 1981. Her will, dated some four months before her marriage to Gent, left the entire estate to two children by previous marriage.

On March 20, 1981, Gent filed an election to take against the will pursuant to Ark. Stat. Ann. § 60-501 (Repl. 1971), which gave surviving husbands a curtesy interest in the estate of a deceased wife, provided she died either intestate or her will pre-dated the marriage. The executors denied the election on the strength of *Stokes Ex'r v. Stokes,* 271 Ark. 300, 613 S.W. 2d 372, decided February 23, 1981. In *Stokes,* § 60-501 and several other of our statutes were declared unconstitutional, their gender-based classifications being held violative of the equal protection clause of the Fourteenth Amendment, the constitutionality of all gender-based laws having first been called into question by *Orr v. Orr,* 440 U.S. 268 (1979).

The void necessarily created by our decision in *Stokes* was promptly filled by the adoption of Act 714 of the 1981 Acts of Arkansas, effective March 25, 1981, which cured the constitutional infirmity of our statutes by substituting a neutral-based treatment in place of the gender-based treatment.

Soon after the adoption of Act 714, Bynum Gent filed a substituted election and it, too, was denied. Gent has appealed the probate judge's refusal to apply Act 714 retroactively. We agree with the trial court.

The essential issue of this appeal has been presented some four times since *Stokes v. Stokes* was decided, all with the same result. Act 714 creates substantive rights, not merely procedural, and is not subject to a retroactive application. *Hall v. Hall, Ex'r,* 274 Ark. 266, 623 S.W. 2d 833 (1981); *Huffman v. Dawkins & Holbrooks,* 273 Ark. 520, 622 S.W. 2d 159 (1981); *Bennett v. Bennett,* 275 Ark. 262, 628 S.W. 2d 565 (1982); *Thomas v. Gertsch,* 275 Ark. 398, 630 S.W. 2d 43 (1982).

Affirmed.