Elizabeth MOBLEY *v.* ESTATE OF Parker PARKER,
Deceased

82-150                                            642 S.W.2d 883

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*John T. Harmon* and *Mobley & Smith,* for appellant.

*Davidson, Horne, Hollingsworth, Arnold & Grobmyer,* by: *Cyril Hollingsworth,* for appellee.

JOHN I. PURTLE, Justice. The Probate Court of Pope County, Arkansas denied the petition of appellant to bar the dower interest of the widow of Parker Parker, deceased. On appeal it is argued that the trial court improperly allowed a dower interest to the widow pursuant to statutes which had been declared unconstitutional. It is our opinion that the trial court correctly and timely interpreted the law as applied to the facts in this case.

Parker Parker died on November 6, 1976. The widow attempted to probate a will which was declared invalid by the trial court. The trial court's decision was affirmed by this court on February 12, 1979 in *Parker* v. *Mobley,* 264 Ark. 805, 577 S.W.2d 583 (1979). Subsequently, the widow, acting as a co-administratrix of the estate, disposed of some of the property and sought an order of partial distribution. At a hearing on this action the attorney for the appellant objected to the amount of fees being allowed to the widow. Appellant's attorney at one point stated:

> I think the court should take into account the fact she will receive a dower interest in the estate. She will receive, if the court grants her petition, the maximum allowed under the statute, and that in addition she is

asking the court to allow her another Ten Thousand Dollars ($10,000.00) more or less . . .

On November 10, 1980, the court approved the partial distribution of assets and the widow was given the sum of $19,672.76 as dower interest on this particular transaction. The widow was not specifically awarded a dower interest in the estate by the heirs nor did she petition for same herself.

When this case was before us the first time, the present appellant was the appellee and claimed that her father died intestate. We upheld her contention on rehearing. However, on February 23, 1981, this court handed down the opinion of *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W.2d 372 (1981), wherein we declared the gender based dower statutes unconstitutional. Shortly thereafter, appellant filed her petition seeking to bar the widow from receiving a dower interest in the Parker estate.

The opinions of *Stokes* v. *Stokes,* supra, and *Hess* v. *Wims, Ex'x.,* 272 Ark. 43, 613 S.W.2d 85 (1981), were discussed by this court in the case of *Hall* v. *Hall, Ex'r.,* 274 Ark. 266, 623 S.W.2d 833 (1981). In *Hall,* we held that a constitutional decision such as *Stokes* or *Hess* has never been completely retroactive. In *Hall,* we stated that a widow who had received her statutory dower in earlier years could not be stripped of her estate at a later time because the statutes under which she had been awarded her estate had been declared unconstitutional. We agree that *Stokes* and *Hess* are not to be given retroactive effect in the present case.

Had there been no activity in this case between the time of our decision of February 19, 1979, and the institution of the present suit, our holding may have been different. However, the facts of the present case indicate that the widow and heirs of Parker Parker treated the dower interest as having been vested. The trial court found that the attorney for the appellant expressly recognized the widow's dower interest in the hearing of November 10, 1980. Therefore, we are unable to say that the holding of the trial court was clearly erroneous. It appears from the record that the trial court properly applied the principle of estoppel against the

appellant. It is logical that the appellant would have asserted an objection against granting the widow her dower interest in a partial distribution of the estate if there had been an intention to object. We have held that the principle of estoppel applies when a person deliberately does an act and another person, with the right to do so, relied and acted upon this action. *Gambill* v. *Wilson,* 211 Ark. 733, 202 S.W.2d 185 (1947). It is true that a party claiming estoppel must prove that he has relied, in good faith to his detriment, on the conduct of the party against whom the estoppel is asserted. *Christmas* v. *Raley,* 260 Ark. 150, 539 S.W.2d 405 (1976). Also, see *Bethell* v. *Bethell,* 268 Ark. 409, 597 S.W.2d 576 (1980). One may waive a right when, with full knowledge of material facts, he does something which is inconsistent with the right or his intention to rely upon that right. *Moseley* v. *State,* 256 Ark. 716, 510 S.W.2d 298 (1974). In *Continental Insurance Co.* v. *Stanley,* 263 Ark. 638, 569 S.W.2d 653 (1978), we quoted with approval from the case of *Sovereign Camp* v. *Putman,* 206 S.W. 970 (Tex. Civ. App. 1918), as follows:

> Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert it from the mischief that has followed. Waiver involves both knowledge and intention; an estoppel may arise where there is no intent to mislead. * * * Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. A waiver does not necessarily imply that one has been misled to his prejudice, or into an altered position; an estoppel always involves this element. * * * Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy.

There may have been no intent on the part of the appellant to mislead the widow but if she was misled by their failure to object to her claim of dower interest in that part of the estate which was distributed, she may claim estoppel as to the balance of her dower interest in the estate. It appears

from the action of the appellant that she recognized the dower interest of the appellee. Therefore, we hold that the widow's dower interest had vested prior to our decisions in the *Stokes* and *Hess* cases. The judgment of the trial court is affirmed.

Affirmed.