Erma Jean FONTENO v. The Estate of Booker
T. MATTHEWS and Mary Bell JAMES

83-88                                    651 S.W.2d 466

Supreme Court of Arkansas
Opinion delivered June 6, 1983

*Macom, Moorhead, Green & Henry,* by: *J. W. Green, Jr.,* for appellant.

*Eilbott, Smith, Eilbott & Humphries,* by: *Zachary Taylor,* for appellees.

STEELE HAYS, Justice. Booker Matthews died intestate in 1975. Several persons asserted an interest in the estate, including Mary Bell Matthews, as widow, asking to be declared the sole distributee and claiming all statutory allowances to which she would be entitled. The last petition was filed by Nelson Thomas, claiming to be an heir, denying that petitioners Dorothy Friends and Erma Fonteno were legal heirs, or that the widow, Mary Bell Matthews, was entitled to more than a dower interest. All petitions were filed in 1975.

By order dated October 19, 1981, the probate court found Mary Bell Matthews was the widow and Erma Fonteno, Dorothy Friends and Ernestine Caldwell were daughters. On January 26, 1982, an order was entered approving the final accounting and payment of fees. On February 9, 1982, Mary Bell Matthews petitioned for dower and on March 3, 1982, a response was filed by Erma Fonteno alleging that dower rights should be denied because at the time of Booker Matthews' death the dower statute was unconstitutional under our decisions in *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W.2d 372 (1981) and *Hess* v. *Wims,* 272 Ark. 43, 613 S.W.2d 85 (1981). The probate court granted the dower petition, finding that dower should be granted pursuant to the statute in force at the time of death because the widow's dower rights had vested at that time. Erma Fonteno has appealed, arguing that the *Stokes* and *Hess* cases were controlling at the time the court made its decision and, therefore, Mary Bell Matthews is precluded from any dower rights in the estate. We agree with the decision of the trial court but affirm on grounds not specifically addressed by the court.

Recent changes in the law of dower have led to some confusion in dealing with those cases where the husband had died prior to the *Stokes* and *Hess* decisions. The circumstances of each case must determine the outcome and we look for direction in this case to the later decisions of *Hall* v. *Hall,* 274 Ark. 266, 623 S.W.2d 833 (1981) and *Mobley* v.

*Estate of Parker,* 278 Ark. 37, 642 S.W.2d 883 (1982). In *Hall* we stated that the *Stokes* and *Hess* decisions have never been completely retroactive in the sense that a widow who was awarded her statutory dower some years before those cases could not be stripped of her estate by a disgruntled heir. (*Hall* at 267). In *Mobley,* a case factually similar to this case, we relied on that statement in *Hall* and applied it to the facts of that case. We pointed out that the widow and heirs of Parker had treated the dower interest as if it had vested. The trial court had found that the attorney for the appellant had expressly recognized the widow's dower interest in November, 1980, and we held that the principle of estoppel was properly applied against the appellant when later raising the constitutional issue after the *Stokes* and *Hess* decisions were handed down.

Here, soon after the death of the husband in 1975, conflicting petitions were filed by the widow and persons claiming to be heirs. The petition of Nelson Thomas alleged that the only legitimate interest of Mary Bell Matthews was that of dower and not of the entire estate. Not until March 3, 1982 was any constitutional issue raised as to the right of dower. The *Stokes* and *Hess* cases had been decided over a year earlier. In the interim, the right to dower remained unchallenged. In October, 1981, upon the order finding Mary Bell Matthews widow, no objection of any kind was made, nor after the order approving the final accounting and payment of fees was any objection made. We find here as we did in *Mobley* that the facts indicate that all parties treated the dower interest as having vested and under the principle of estoppel enunciated in *Mobley,* we find the appellant is precluded from raising the issue at this time.

Affirmed.