Aline Merritt BECK *v.* Hazel L. MERRITT

83-94                                    657 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered October 3, 1983

*Eudox Patterson,* for appellant.

*Wood, Smith & Schnipper,* by: *Harry E. Cook, Jr.,* for appellee.

STEELE HAYS, Justice. The primary issue presented by this appeal has not been decided previously, that is, whether our dower statutes[1] violate the equal protection clause of the fourteenth amendment where the decedent dies intestate. The Probate Judge held, correctly we think, that there is no gender-based discrimination between dower and curtesy in cases of intestacy and, accordingly, he awarded dower to the surviving spouse. On appeal, we affirm.

Elmer Merritt died intestate on January 30, 1981[2] leaving an estate consisting mainly of land in Garland County. He was survived by a widow, Hazel, and a daughter by an earlier marriage, Aline Merritt Beck. Mrs. Beck promptly petitioned for the appointment of an administrator, recognizing Mrs. Merritt as a widow; however, nearly a year later, on January 4, 1982, she gave notice that she intended to contest any award to Hazel Merritt of dower, homestead or other allowances normally assigned to a widow. This announced intention to contest dower and

---

[1]Ark. Stat. Ann. §§ 61-201, 202 (Repl. 1971).

[2]Before the March 25 effective date of Act 714 of 1981, which removed the objectionable features of our statutes by creating gender-neutral awards of dower, curtesy and allowances. See *Hall* v. *Hall,* 274 Ark. 266, 623 S.W.2d 833 (1981).

homestead was based evidently on a mistaken assumption that the Merritts were divorced when Elmer Merritt died.

Mrs. Beck filed interrogatories and one request for admission from Mrs. Merritt that she admit or deny that she was divorced from Elmer Merritt. There was no response and after some ninety days Mrs. Beck moved for "Summary and/or Declaratory Judgment" on the theory that Hazel Merritt's failure to deny the request was, as a matter of law, an admission that she and Elmer Merritt were divorced. A hearing on the motion was set for July 6 and when no one appeared on behalf of Hazel Merritt the Probate Judge granted summary judgment.

On July 15, 1982, Hazel Merritt's attorney moved to set aside the default judgment on the grounds that the interrogatories and request for admission were never received and that his failure to attend the July 6 hearing was the result of his having undergone open-heart surgery, that he could not be contacted by his office during this absence and, as he had removed the file, other members of the firm had no knowledge of the progress of the case. The motion asserted that Hazel Merritt and the decedent, though previously divorced, had remarried on March 6, 1966 and were living together at the time of his death. A copy of the marriage certificate was attached. On August 10 the Probate Judge set aside the judgment.

On August 20, 1982, nearly eighteen months after our decision in *Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981), Aline Beck raised for the first time a claim that our dower statutes violate the equal protection clause of the fourteenth amendment by again moving for Summary and/or Declaratory Judgment.[3] The Probate Judge denied this motion for summary judgment and upheld the right of Hazel Merritt to an assignment of dower. Aline Beck makes two arguments on appeal: that the Probate Judge should not have set aside the first summary judgment, and should have

---

[3]Timeliness of the constitutional argument is not raised. See *Mobley* v. *Estate of Parker*, 278 Ark. 37, 642 S.W.2d 883 (1982) and *Fonteno* v. *Estate of Matthews*, 279 Ark. 411, 651 S.W.2d 466 (1983).

granted her later motion for summary judgment. Neither argument can be sustained.

Although she readily conceded in the trial court that Elmer and Hazel Merritt had remarried in 1966, on appeal Mrs. Beck argues that the interrogatories and request for admission were mailed to counsel and that it is mandatory under ARCP Rule 36 that requests for admissions be answered in thirty days. Granted, we have held that in the absence of excusable neglect or unavoidable casualty a verified response to requests for admission must be filed within the thirty days allowed under Rule 36. *Barnett Restaurant Supply, Inc.* v. *Pick Vance, et al,* 279 Ark. 222, 650 S.W.2d 568 (1983); *Smith, Admn.* v. *The Goodyear Tire and Rubber Co.,* 261 Ark. 541, 549 S.W.2d 798 (1977); *White River Limestone Products Co.* v. *Mo-Pac Railroad Co.,* 228 Ark. 697, 310 S.W.2d 3 (1958). But in those cases there was no claim of non-receipt, the only issue was whether the requests had been answered in the time and manner required by what is now Rule 36, or whether good cause existed for default. Whereas here, Mrs. Merritt's attorney insisted the interrogatories and request for admission were never received and although that was disputed, the trial court evidently accepted his explanation as factual, observing that in light of the undisputed evidence that the Merritts were married, he would set aside the judgment. We cannot say the finding was clearly erroneous.

Turning to the substantive argument, appellant relies on three recent decisions: *Stokes* v. *Stokes, supra; Hess* v. *Wims,* 272 Ark. 43, 613 S.W.2d 85 (1981) and *Hall* v. *Hall,* 274 Ark. 266, 623 S.W.2d 833 (1981), which came in the wake of *Orr* v. *Orr,* 440 U.S. 268 (1979), where it was first held that in the absence of an important governmental function, gender-based statutes which discriminate by giving either sex an advantage withheld from the other, violate the equal protection clause of the fourteenth amendment.

But there is a fundamental difference between the cited cases and the case before us, which the Probate Judge correctly observed, for in those cases the widows were asserting a claim of dower *against the will* of the deceased

husband, a right which our curtesy statutes have never given the surviving *widower,* whose right to curtesy applies *only* where the wife dies intestate or where her will predates the marriage. See Ark. Stat. Ann. § 61-228 (Repl. 1971). Thus, in each of those cases the widows were claiming a benefit which their deceased spouses could not have claimed had they survived. On that basis we were obliged to hold in *Stokes, Hess* and *Hall,* that our dower statutes are in violation of the equal protection clause of the fourteenth amendment as interpreted in *Orr* v. *Orr, supra.*

Here, in contrast, because Elmer Merritt died intestate, Hazel Merritt's claim of dower to a part of his real property under Ark. Stat. Ann. § 61-201 is the exact equivalent of the rights of curtesy under Ark. Stat. Ann. § 61-228, which Elmer Merritt could have enjoyed had he survived Hazel. Hence, there is no impingement of the equal protection clause, as there is no discrimination in favor of either sex where the deceased spouse dies intestate.

It is true that when Elmer Merritt died our law of curtesy extended only to lands to which the wife was seized at her death, whereas dower extended to all lands to which a husband was seized during the marriage and, hence, a potential for gender-based discrimination did exist under our statutes. But that is not what we are dealing with here and it is enough to say that under the facts of this case, there was no gender-based difference in the operation of our dower and curtesy statutes, either spouse would have been entitled to the identical interest in the lands of the other.

We concede that in *Stokes* we said flatly that Ark. Stat. Ann. § 61-201 (Repl. 1971) is unconstitutional. That statement was too broad and extended beyond the holding reached in *Stokes,* which, as we have said, was that where a husband died *testate* the wife could not take dower against the will, there being no concomitant benefit given to husbands under the law. We should have qualified our statement in *Stokes* by the provisional wording used in *Hess* v. *Wims, supra,* that the statute was unconstitutional "as applied in this case."

This result, i.e., declaring a statute unconstitutional in part, as applied to certain situations, has precedent. In *R. H. Oliver and Son* v. *Chicago R.I. & P. Ry.*, 89 Ark. 466 (1909) we declared a regulatory statute partially unconstitutional, where shipments by railroads were constitutionally subject to regulation as to intrastate shipments, but not as to interstate, retaining the permissible applications of the statute, while discarding the impermissible. See also *Leep* v. *St. Louis I.M. & S. Ry. Co.*, 58 Ariz. 407 (1894) and *State* v. *Kate Marsh*, 37 Ark. 356 (1881).

Accordingly, we affirm the Probate Judge.