Marvin S. HEATH et al *v.* Parker CLEAR, Administrator of the Estate of Gladys Biggers CLEAR, Deceased

83-123                                                     659 S.W.2d 504

Supreme Court of Arkansas
Opinion delivered October 31, 1983

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker,* for appellant.

*Penix, Penix, Mixon & Lusby,* for appellee.

GEORGE ROSE SMITH, Justice. Is the distinction between ancestral estates and new acquisitions now recognized in the Arkansas law of descent and distribution? The probate court correctly held that the distinction was abolished in 1969 and has not been reinstated. Ark. Stat. Ann. § 61-148 (Repl. 1971).

When the decedent, Gladys Biggers Clear, died intestate and without descendants in January 1982, her estate con-

sisted principally of lands that were formerly owned by her late father, R. S. Biggers, and would have been ancestral property before such estates were abolished for the purpose of intestate succession by Act 303 of 1969, an extensive revision of our inheritance laws. Under Section 19 of that 1969 act the decedent's property would pass to her surviving husband, Parker Clear, to whom she had been married for 53 years. § 61-149 (b).

The present petition for a determination of heirship was filed by the appellants, the decedent's nephew and sister, who argue that although ancestral estates were abolished as to intestate succession by the 1969 act, such estates were completely restored by Section 23 of Act 714 of 1981, which recognizes the distinction between ancestral estates and new acquisitions in the determination of a surviving spouse's dower or curtesy. § 61-206 (Supp. 1983). Under that contention Mrs. Clear's surviving husband would receive only a life estate in half the lands under Section 61-206 instead of title to all the lands under Section 61-149 (b).

The history of our statutes effectively refutes the appellants' argument. The 1969 revision of the inheritance laws abolished the distinction between ancestral estates and new acquisitions in the devolution of property by intestacy, but the Committee Comment to the pertinent section states positively: "This section is not intended to abolish the distinctions between Ancestral and New Acquisition property in the dower and curtesy statutes." Comment to § 61-148. Therefore, in spite of the abolition of ancestral estates in the law of descent, the surviving spouse's dower or curtesy continued to be diminished in the case of ancestral property. §§ 61-206 and 61-228 (Repl. 1971).

A new development occurred on February 23, 1981, when this court held many of our dower and curtesy statutes unconstitutional as discriminating between husbands and wives. *Hess* v. *Wims,* 272 Ark. 43, 613 S.W.2d 85 (1981); *Stokes* v. *Stokes,* 271 Ark. 300, 613 S.W.2d 372 (1981). Only thirty days later Act 714 of 1981 was adopted. That statute revised some seventy specified sections of the compiled statutes, to eliminate distinctions between spouses. Both the

title and the emergency clause declared its purpose, self-evident anyway, to provide for equality in the property rights and interests of married persons. Dower and curtesy rights were made equal, but the previous distinction in that field between ancestral and newly acquired property was retained. The statute specified the 70-odd sections that were being amended, but there was no reference whatever to Section 61-148, which abolished that distinction as to intestate succession. The legislative purpose being absolutely clear, we cannot construe the 1981 act as having been intended to accomplish any purpose except the attainment of equality in the matter of marital property rights. That was the probate judge's holding, which is correct.

Affirmed.