Cite as 2023 Ark. 191

# SUPREME COURT OF ARKANSAS

No. CV-22-806

KRISTIN WELCH, AS
ADMINISTRATRIX OF THE ESTATE
OF AARON WELCH

APPELLANT

V.

KATELYN GIPSON, AS NATURAL
GUARDIAN OF MINOR 1 AND
MINOR 2

APPELLEE

Opinion Delivered: December 14, 2023

APPEAL FROM THE POPE
COUNTY CIRCUIT COURT
[NO. 58PR-21-359]

HONORABLE GORDON W.
"MACK" MCCAIN, JR., JUDGE

AFFIRMED.

**CODY HILAND, Associate Justice**

Appellant Kristin Welch appeals the September 22, 2022, probate order from the

Pope County Circuit Court, which declared Ark. Code Ann. § 28-39-201 (Repl. 2012) as

constitutional and found that Welch has no homestead interest in the property. On appeal,

Welch argues the circuit court erred in both determinations and seeks reversal. We find no

error and affirm.

In September 2021, Aaron Welch (Decedent) died intestate leaving a widow, Kristin

Welch (Welch), and two minor children from his previous marriage to appellee Katelyn

Gipson (Gipson). Upon his death, Welch petitioned the court and was named administratrix

of Aaron Welch's estate. In addition to certain personal property, the estate owns a

mortgaged home in Pope County, Arkansas, in which the Decedent and Welch had lived

since before their marriage in June 2021. As such, Welch filed an "Application for Reservation of Homestead & Dower" with the court.

Throughout the litigation, Gipson, as the natural guardian of the Decedent's two minor children, petitioned the court for the real property to be sold and for a determination of heirs' interest. Gipson specifically argued that, statutorily, Welch does not have a homestead interest in the property. In response, Welch filed a motion to declare Ark. Code Ann. § 28-39-201 unconstitutional.[1] After a hearing on the matter, the court denied Welch's motion and found, among other things not before this court on appeal, that Ark. Code Ann. § 28-39-201 is constitutional and that Welch does not have a homestead interest in the Decedent's real property because she was not continuously married to the Decedent for more than one year pursuant to section 28-39-201(d). Welch timely appealed.

This court reviews probate proceedings de novo on the record, but it will not reverse the decision of the circuit court unless it is clearly erroneous. *Combs v. Stewart*, 374 Ark. 409, 411–12, 288 S.W.3d 574, 575–76 (2008). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. Similarly, in deciding matters or issues of law, our standard of review is de novo. *First Nat'l Bank of Izard Cnty. v. Old Republic Nat'l Title Ins. Co.*, 2022 Ark. App. 440, 655 S.W.3d 108 (citations omitted). "De novo review means that the entire case is open for review." *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 9, 461 S.W.3d 317, 323.

---

[1]The Attorney General's Office was properly notified of this challenge but declined to intervene or file a response.

Welch's argument relies entirely on her "constitutional right" to a homestead interest as conferred by the Arkansas Constitution. The relevant section reads:

> If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life; Provided, That if the owner leaves children, one or more, said child or children shall share with said widow, and be entitled to half the rents and profits till each of them arrives at twenty-one years of age – each child's rights to cease at twenty-one years of age – and the shares to go to the younger children; and then all to go to the widow; and, provided, that said widow or children may reside on the homestead or not. And in case of the death of the widow, all of said homestead shall be vested in the minor children of the testator or intestate.

Ark. Const. art. 9, § 6.

However, the language of this constitutional provision predates the response to a litany of cases by both the United States Supreme Court and the Arkansas Supreme Court, wherein many gender-based laws were invalidated as unconstitutionally discriminatory. This constitutional provision regarding homestead rights applied only to widows (women) and apportioned homestead rights differently on the basis of whether the owner left surviving children. In February 1981, the Arkansas Supreme Court, in deciding a constitutional challenge to article 9, section 6, held that

> [t]his constitutional provision is discriminatory and we find no valid governmental function to justify this dissimilar treatment of widows and widowers. This provision as applied in this case violates the Fourteenth Amendment. There is no language in this section which will allow us to extend the homestead benefits to widowers without children, and, as a result, we hold the provision invalid as applied. We do not reach a decision on this section in the event there are children, as the State might make a valid argument that the provision is justifiable.

*Hess v. Wims*, 272 Ark. 43, 48, 613 S.W.2d 85, 87 (1981). This resulted in article 9, section 6 being held unconstitutional as applied to widows whose spouses died without children.

Shortly thereafter, in March 1981, the Arkansas legislature enacted Act 663 – "An Act to Provide a Homestead Exemption; and for Other Purposes." This Act codified the constitutional homestead provisions as statutes in its attempt to make the inheritance laws of this state gender neutral. The emergency clause of the Act states, in pertinent part, as follows:

> It has been found and is declared by the General Assembly of Arkansas that existing law relating to homestead does not in all circumstances provide for the equal treatment between the sexes, that the constitutionality of such existing law has been drawn into question . . . and that there is an urgent need to insure that the law provides equality in the rights and interests of a surviving spouse in the homestead of his or her deceased spouse, without reference to the sex of the surviving spouse.

Homestead Exemption Act of 1981, § 9: Emergency Clause.

In section 5 of the Act, codified at Ark. Code Ann. § 28–39–201, in addition to the change in language from "widow" to "surviving spouse," the statute provides that any rights and benefits given by this section shall not vest until the parties have been continuously married to each other for a period in excess of one year. Ark. Code. Ann. § 28–39–201(d).

As such, in response to this constitutional challenge to the statute, this court concludes that it must extend its holding in *Hess*. While *Hess* was limited to a factual scenario in which children were not involved, the language of the constitution was never amended; thus, it still fails to state a comparable homestead provision for male surviving spouses when their spouse dies and leaves children. Because there has been no justification presented as to the dissimilar treatment contemplated by the language, the remaining portion of article 9, section 6 of the Arkansas Constitution is declared unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment.

On appeal, Welch asks this court to determine whether Ark. Code Ann. § 28-39-201(d) contravenes article 9, section 6. As determined *supra*, we conclude that the language of the Arkansas Constitution contradicts the language of the Equal Protection Clause of the United States Constitution. Therefore, the controlling and applicable language regarding homestead interests remains only in statute. As it is undisputed by the parties that Welch and the Decedent were not married more than one year, Welch is not afforded a statutory homestead interest. *See* Ark. Code Ann. § 28-39-201(d). Thus, it cannot follow that an error was committed in finding the same as a matter of law.[2] For these reasons, we hold that the circuit court properly ruled that Welch did not have a statutory homestead interest in the Decedent's real property. Accordingly, after a thorough de novo review, we must affirm.

Affirmed.

*Davidson Law Firm*, by: *Nickolas W. Dunn*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee.

---

[2] Because we conclude Welch has no homestead interest under Arkansas law, we need not further analyze the exceptions to the homestead doctrine pursuant to Ark. Const. art. 9, section 3.