ESTATE OF JOHNSON: BUTH, Administrator, Appellant, vs. DAVIS, Respondent.

*September 20—November 15, 1921.*

*Dower: Tenancy in common before assignment: Insurable interest of dower tenant: County court: Jurisdiction: Claims against decedents.*

1. The widow and heirs of a decedent are tenants in common until assignment of dower, and prior to such assignment the widow has no vested freehold estate.
2. Where the homestead of decedent was assigned to his daughter subject to the dower and homestead rights of the widow, who within a year remarried, a parol agreement between the daughter and the widow to the effect that the widow was to continue to occupy the premises rent free in consideration of keeping them insured could not affect the nature of the interest which the widow had in the real estate at the time of her death, her dower interest being unassigned and unadmeasured.
3. The tenant in dower had an insurable interest in the premises, and when her administrator collected the proceeds of the policy he held them for the proper owner; and while no claim need be filed against her estate, the county court had jurisdiction to determine the ownership of the fund in an action to charge the administrator as a trustee of funds in his possession.
4. The tenant in dower having lost her life in the fire which destroyed the premises, she had no interest in them when the loss occurred, and the proceeds of the policy belong to the owner in fee.

APPEAL from a judgment of the county court of Shawano county: F. A. JAECKEL, Judge. *Affirmed.*

Charles Johnson died intestate in the year 1914. Appropriate proceedings were had in the county court for the probate of his estate, and, by the final decree, his homestead was assigned to his daughter, *I. P. Davis,* the respondent, subject to the dower and homestead rights of his widow, Ada G. Johnson. About one year after the death of Charles Johnson his widow remarried.

On January 4, 1920, the house situated upon the homestead was destroyed by fire, in which Ada G. Johnson lost her life, her second husband having predeceased her. Petition for probate of her estate was filed February 2, 1920, and by order of the county court creditors were required to file their claims on or before June 2, 1920, on penalty of having the same barred for failure.

On October 2, 1920, *I. P. Davis,* the daughter, filed a petition in the county court of Shawano county in which the facts already referred to were set out, and it was further alleged that Edith Johnson continued to occupy the premises referred to here as a homestead at the time of her death; that Edith Johnson had the premises insured against loss by fire in the sum of $1,000, which insurance covered the entire premises; that it was the intention of Edith Johnson to insure the said premises as a whole without respect to her particular interest or that of the petitioner. The petitioner prayed "that the insurance money derived from the loss of such building be paid over to your petitioner as the remainderman by the administrator and that said insurance money be not assigned as a part of the estate of Edith Johnson."

Upon the hearing there was testimony to the effect that during the time of the administration of the estate of Charles Johnson an agreement was entered into between the deceased, Ada G. Johnson, and the petitioner, *I. P. Davis,* to the effect that Ada G. Johnson was to continue to occupy the premises rent free, that she was to receive certain personal property at a valuation favorable to her, and that in consid-

·eration thereof she was to keep the premises insured. *I. P. Davis* was the step-daughter of Ada G. Johnson, who was the second wife of Charles Johnson. The relations between them were not cordial and might be properly described as unfriendly.

Upon the hearing Ada G. Johnson was variously referred to as Ada G. Johnson and Edith Johnson. In the findings she was described as Edith. The court found the facts as alleged in the petition and in ,accordance with the evidence introduced at the hearing, and concluded, as a matter of law, that the petitioner was entitled to the sum of $1,000 for the insurance money paid to the administrator on account of the loss of the buildings and that the heirs of Edith Johnson had no interest therein. Judgment was entered accordingly, from which the administrator appeals.

For the appellant there was a brief by *Dillett & Fischer* of Shawano, and oral argument by *C. F. Dillett*.

For the respondent the cause was submitted on the brief of *P. J. Winter* of Shawano.

ROSENBERRY, J. The appellant assigns as error, first, the finding by which the agreement between the respondent and Ada G. Johnson was established, and second, the conclusion of law that the daughter, the petitioner, and respondent here, is entitled to the insurance money. It is further urged on behalf of the appellant that if the claim in question is a valid and proper one it was not filed within the time limited by law and is therefore barred by sec. 3844, Stats.

If the right of the respondent depends upon the contract alleged and found to have been made between the daughter and widow of Charles Johnson, the point of the statute of limitations seems to be well taken. Under such circumstances the liability of the administrator, if any, must be by virtue of a claim against the estate of Ada G. Johnson.

The respondent contends, however, that she is entitled to recover for the reason that it was the duty of Ada G. John-

son, being in possession as the owner of a life estate in the property, to insure the same; that she did insure the property against loss by fire, and that the proceeds of such insurance belong to her as remainderman, or, at best, that the title of the insured was in the nature of a trust for the benefit of the remainderman and funds must be devoted to the restoration of the building.

It is well established that the widow and the heirs are tenants in common until assignment of dower. *Wooster v. Hunts Lyman Iron Co.* 38 Conn. 256; *Montague v. Selb,* 106 Ill. 49; *Knolls v. Barnhart,* 71 N. Y. 474.

Prior to the assignment of her dower a widow has no vested freehold estate. *Farnsworth v. Cole,* 42 Wis. 403; *Howe v. McGivern,* 25 Wis. 525.

The parol agreement between the parties could not affect the nature of the interest which Ada G. Johnson had in the real estate, which was an unassigned and unadmeasured dower interest. Therefore, down to the time of the death of Ada G. Johnson the petitioner and Ada G. Johnson remained tenants in common of the premises. Not being the owner of a life estate, that part of the brief of counsel devoted to the question of the duties and liabilities of a life tenant to the remainderman becomes immaterial.

At the time the contract of insurance was entered into Ada G. Johnson had an insurable interest in the property. The evidence in the case is very meager, but it would appear that the property was indivisible. She had a right, therefore, to one third of the rents and profits of the property during the term of her natural life. Against the loss of the use of the property she had a right to insure. The extent of this interest at the time the contract of insurance was entered into, as well as the extent of her interest at the time when the loss, if any, might accrue, was readily ascertainable under established rules of law. The policy was therefore issued upon the whole property and covered the respective interests of the owners as their interests might appear. She took out the

contract of insurance, and the contract was as to her, therefore, fully performed, and no facts are alleged showing any breach of the contract on her part. Therefore no claim can be made against the estate by reason of the contract into which she entered, which results in the conclusion that there was no need to file a claim. The administrator having received the money, the proceeding is one to establish the interest of the respective parties to the fund. On behalf of the appellant it was contended that the county court had no jurisdiction to entertain such a proceeding.

"Sec. 2443. The jurisdiction of the county court shall extend to . . . all matters relating to the settlement of the estates of such deceased persons and of such minors."

Manifestly the estate in this case could not be settled until the title to the fund in his hands was ascertained. It came rightfully into his possession as administrator. It is an action to charge him as trustee with a fund rightfully in his possession as administrator of the estate of the deceased. We think within the doctrine of *Wisdom v. Wisdom*, 155 Wis. 434, 145 N. W. 126, the county court was authorized to take jurisdiction of this proceeding. Whether or not its jurisdiction was exclusive we do not determine.

The thing insured against, so far as the deceased was concerned, was a loss of her interest in the property. That of necessity must be measured by the extent of her interest in the property at the time the loss accrues. In this case, she having died in the fire which destroyed the premises, she had, when the loss accrued, no interest. The entire fund, therefore, belonged to the respondent, *I. P. Davis*.

*By the Court.*—Judgment affirmed.