20045

Geneva C. FLOYD, by her Guardian *ad Litem,* P. S. Floyd, Respondent, v. Raymond Lyndell BARRINEAU, Appellant

(216 S. E. (2d) 753)

*James M. Morris, Esq.,* of Manning, *for Appellant,*

*Messrs. Nettles, Thomy and Smith,* of Lake City, *for Respondent,*

June 24, 1975.

LITTLEJOHN, Justice.

This action was initiated by Geneva C. Floyd, widow of Donnie T. Floyd, to contest her purported renunciation of dower in 184 acres of land sold by her husband in 1960 to Raymond L. Barrineau, the appellant.

Donnie T. Floyd died in 1965; this action was commenced in 1966. The complaint alleged that the dower renunciation was invalid due to lack of sufficient mental capacity. It prayed for establishment and admeasurement of dower, together with interest, rents and profits. The matter was heard in the lower court by the Honorable Francis B. Nicholson, circuit judge. He held, in an order dated October 19, 1970, that the renunciation of dower was void because of insufficient mental capacity, and ruled that Geneva Floyd was entitled to admeasurement of dower pur-

suant to Code § 19-167. The order gave her leave to apply to either the probate court or to the circuit court for the admeasurement. Barrineau, the grantee in the deed, served notice of intention to appeal the order of Judge Nicholson, but did not perfect the appeal.

One week prior to Judge Nicholson's order, Geneva Floyd died; Doris Floyd was appointed administratrix of her estate. Apparently Judge Nicholson was unaware of Geneva Floyd's death at the time his order was issued. The admeasurement was not pursued.

About three years later, in November of 1973, Barrineau moved for an order to abate and terminate the entire action on the ground that dower had not been admeasured prior to the death of the widow. In May 1974 Doris Floyd, the administratrix, moved to be substituted as party plaintiff in the action.

The two motions were heard by the Honorable Dan F. Laney, Jr., resident circuit judge. In his order he ruled that since Geneva Floyd died one week prior to the order of Judge Nicholson, there could not have been an admeasurement of dower in kind. Doris Floyd, as administratrix, was substituted as party plaintiff. The order acknowledged that admeasurement dies with the doweress, but held that since the complaint asked damages for rents and profits from the land wrongfully withheld by Barrineau from the date of the death of the husband, the action to that extent survived and passed to the administratrix. Judge Laney referred the matter to a special referee to take testimony on the issue of damages.

Barrineau has appealed, alleging that Judge Laney erred in three particulars:

1. In holding that any rights growing out of dower survived;

2. In changing or modifying a prior court order from which no appeal was taken; and

3. In substituting the administratrix as plaintiff for the guardian ad litem.

It is conceded that the right to admeasurement of dower in kind died with the doweress. The prime issue for our consideration is: Did the right of action for wrongfully withholding the enjoyment of dower right entitlement survive? South Carolina Code § 10-209 provides as follows:

"Survival of right action.—Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may be, of a deceased person and the legal representative of an insolvent person or a defunct or insolvent corporation, any law or rule to the contrary notwithstanding."

We are of the opinion that dower rights vested in the widow upon the death of her husband and she was thereupon entitled to enjoyment of the same. Apparently Barrineau, the husband's grantee, enjoyed the full use of the whole property between the time of the death of the husband and the death of the wife. If he had paid to the widow rents and profits during this time for the use of her interest in the land, such would have been an asset of the estate of the widow. Since they were not paid, the right to receive payment passed on to her estate under the Code section quoted above.

Judge Laney held, and we think correctly:

"It is obvious that this case is of the kind specifically described in Section 10-209, 1962 Code of Laws of South Carolina, as amended, as surviving the death of the plaintiff to the administrator of her estate. Were it simply for the admeasurement of dower it of necessity would abate but the complaint specifically asked for rents, profits, interest and damages as a result of the denial to plaintiff of possession as to her dower interest in the subject lands. For these

purposes the action survives and the motion of Defendant must be denied."

Barrineau next contends that the order of Judge Nicholson, granting admeasurement of dower, ruled out any claim to "interest, rents or profits" as prayed for in the complaint. We do not construe his order. We rather think that the extent of his order was to find, first, that the renunciation of dower was void because of insufficient mental capacity and, second, that the widow was entitled to pursue her dower rights in keeping with Code § 19-167.

Lastly, Barrineau argues that Doris Floyd, as administratrix, should not have been substituted as party plaintiff. This argument is predicated upon the theory that no cause of action survived under § 10-209 and, accordingly, there is no action for her to pursue. Having ruled that the cause of action does survive, it becomes apparent that this exception is without merit.

Affirmed.

Moss, C. J., Lewis and Ness, JJ., and Brailsford, Acting Associate Justice, concur.