22112

Ora J. BOAN, Appellant, v. Helen B. WATSON, Respondent.

(316 S. E. (2d) 401)

Supreme Court

Hugh L. Willcox of Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker, Florence, for appellant.

William P. Griggs of Griggs & Spruill, Cheraw, for respondent.

May 22, 1984.

LITTLEJOHN, Justice:

The Appellant, the widow of Elbert Boan, brought this action to determine whether she is entitled to a dower interest in 67 acres of land in Chesterfield County, South Carolina. Elbert Boan, a resident of North Carolina, died testate in

August, 1976. He willed the subject property to his sister, Helen B. Watson, the defendant-respondent. She contends that she took a fee simple interest in the property under the Will.

The trial court held that, inasmuch as widowers are not permitted to inherit a dower interest or its equivalent, the widow cannot claim because of the equal protection clauses set forth in article I, section 3 of the South Carolina Constitution and the fourteenth amendment of the United States Constitution. The widow has appealed. We reverse.

■ The right to dower in South Carolina, contrary to popular belief, is not founded in the constitution, nor was it created by statute. It is a common law right created by case law. There are, however, several statutes dealing with the subject. *South Carolina Code Ann.* §§ 21-5-110 to 21-5-990 (1976). These statutes refer to: (1) Renunciation of Dower; (2) Forfeiture of Dower; (3) Barring Dower of Mentally Incompetent Wife; (4) Acceptance of Distributive Share; Jointure; and (5) Allotment of Dower.

There is no question but under the law existing heretofore, the widow of the testator is entitled to dower in the Chesterfield County land. She seeks to enforce this right by sale of the property with payment to her of one-sixth of the proceeds pursuant to *South Carolina Code Ann.* § 21-5-910 (1976).

■ When the common law initially gave the wife her dower right, she labored under the many burdens of coverture which placed her person and property very effectively in the control of her husband. *See, e.g.,* Act of 1795; and *McLaurin v. Wilson,* 16 S. C. 402 (1881). At that time, most wealth was in real estate and dower guaranteed the widow a minimum inheritance in land on which she could support herself by agriculture. Today, curtesy and all the other burdens of coverture are gone. *See generally, Wright v. Herron,* 5 Rich. Eq. 441, 446 (1854); *Gaffney v. Peeler,* 21 S. C. 55 (1884); and *South Carolina Code Ann.* § 21-5-10 (1976).

The law of dower gave a surviving wife a gender-related benefit with no corresponding benefit to surviving husband. On this ground, the sister challenges the allowance of dower to the Widow as a violation of the equal protection clauses of both the State Constitution and the fourteenth amendment to the United States Constitution.

In *Orr v. Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979), the United States Supreme Court held that the Alabama divorce law which provided that husbands, but not wives, could be required to pay alimony was in violation of the equal protection clause and that, consequently, an award of alimony to the wife could not be enforced. The court found the gender-related distinction in the statute unconstitutional.

Our General Assembly promptly recognized that *Orr* invalidated that provision of the South Carolina divorce law which provided for the granting of alimony to wives but not to husbands. By *South Carolina Code Ann.* § 20-3-130 (Cum. Supp. 1982), the General Assembly amended the law relating to alimony and support so as to make it applicable equally to either spouse.

*Orr* deals with the economic rights of husbands and wives on the dissolution of a marriage by divorce. It follows that the principle is equally applicable to the property rights of husbands and wives on the termination of a marriage by death.

■ The right to deal with one's real property without the prior consent and cooperation of one's spouse is substantial and valuable. It is governed by the equal protection clauses.

■ We agree with the trial judge that *Orr* makes common law right of dower heretofore recognized in this State unconstitutional. Nevertheless, the trial judge erred in applying it to the facts in this case. His ruling would have the effect of upsetting titles to property which have vested over the years by reason of the law which has not heretofore been contested. Elbert Boan, the testator, died in 1976. The *Orr* case was decided March 5, 1979. Accordingly, the rights of the widow had been vested for some three years before the case upon which the trial judge relied, and upon which we rely, was decided. *Floyd v. Barrineau*, 265 S. C. 16, 216 S. E. (2d) 753 (1975).

■■ We hold that *Orr* makes the South Carolina dower rights law unconstitutional. The writer of this opinion is of the view that widows of husbands who died after March 5, 1979 take no dower. But since a majority of the Court refuse to apply *Orr* retroactively, it is the holding of the Court that widows whose husbands die after the filing of this opinion are barred from dower claims.

Reversed.

NESS, GREGORY and HARWELL, JJ., concur.

LEWIS, Chief Justice (concurring and dissenting):

While I agree that the judgment in this case should be reversed, I disagree as to the basis for reversal.

The majority opinion finds that the institution of dower imposes an invidious gender-based burden upon married men and thereby offends the Equal Protection clauses of the South Carolina and United States Constitution. This finding is based upon *Orr v. Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306.

Today's opinion will have a devastating impact upon a public wholly unprepared for such drastic revision of the law. This is especially tragic because no constitutional requirement exists for the radical action now being taken. The sole authority invoked by the majority opinion is the United States Supreme Court decision in *Orr v. Orr, supra*. We are not told how the *Orr* rationale requires the result here reached.

I do not find that *Orr v. Orr*, establishes a directive to abolish all gender-based distinctions. That decision of the United States Supreme Court pertained to domestic litigation and presented rather narrow issues, all of which is disregarded by today's majority opinion. In *Orr v. Orr*, the Court was concerned about two aspects of the Alabama alimony statute: (1) the use of gender as a "proxy" for need; (2) the claim that discrimination in favor of women was intended to compensate for past social disadvantages. 440 U.S. at 281-283, 99 S. Ct. at 1112-1113, 59 L. Ed. at 320-321. The Court found that gender should not be proxy for need, the latter being a matter which a divorce court could determine and resolve through specific awards. Finding non-discriminatory solution to the problem of the "needy spouse," the Court concluded that a gender-based statute was not a permissible way to compensate for historical disadvantages.

Probate courts do not divide estates based upon the respective "needs" of competing claimants. Rights are settled by operation of law, the outcome being determined usually by prior decisions of the decedent. Unlike an alimony case, there is no living wage-earner in an estate probate from whom

payments can be extracted based on earnings. Unless a testator has established a trust, there is usually no on-going resource upon which to draw. So it is that if women are to be "compensated" through the probate courts, there must be some equivalent of dower for them. If an alternative to dower recommends itself as social policy, the General Assembly in any case must attend that matter.

The *Orr* rationale is limited to divorce litigation and should not be extended to the matter of dower. There appears to be only one other court in this country which has abolished dower based on *Orr v. Orr.* Unfortunately, the Arkansas Supreme Court in *Stokes v. Stokes,* 271 Ark. 300, 613 S.W. (2d) 372, provided no analysis to support its action.

At least one member of the United States Supreme Court would surely be surprised by today's results. Separately concurring in *Orr v. Orr* Justice Blackmun conditioned his agreement upon the assumption that *Orr v. Orr* would not "cut back on" *Kahn v. Shevin,* 416 U.S. 351, 94 S. Ct. 1734, 40 L. Ed. (2d) 189. The latter case was the 1974 decision which expressly found that widows required "compensatory" protection. Special tax treatment for widows in Florida was approved because, in the words of Justice William O. Douglas, it was "reasonably designed to further the state policy of cushioning the financial impact of spousal loss upon the sex for which that loss imposed a disproportionately heavy burden." 416 U.S. 355, 94 S. Ct. 1737, 40 L. Ed. (2d) 193.

I disagree with the majority with some reluctance. I do not deny that a serious question of public policy is presented by the institution of dower. The time is coming when widows and widowers will stand, for the most part, on equal footing economically. The time may be now. The record on this appeal, however, does not enable this Court to draw any sound conclusions on the social utility of dower in this State. This is the only sound basis upon which to approach a decision of whether the right of dower should be continued.

While much dissatisfaction has been expressed over the institution of dower, most states have stopped short of taking the drastic step now taken by the majority in this case. The changes in other States have generally been accomplished by statute, which permits a full consideration of the public policy involved, including the various policy considerations that might affect the family unit. *See:* 25 Am. Jur. (2d), Dower &

Curtesy, Section 38 et seq.; 2 Powell on Real Property, Section 213 et seq.

I therefore concur in the reversal of the judgment, but disagree with the conclusion that dower should be abolished in this State, without a record that presents an in-depth consideration of the basic issues involved and, at least, some consideration of its impact.