0955

Mary H. WILSON, Appellant-Respondent v. Randolph M. WILSON, Riley Clark, Jr., and Star Forms and Labels, Inc., Respondents-Appellants.

(356 S. E. (2d) 422)

Court of Appeals

*E. N. Zeigler,* Florence, *for appellant-respondent.*

*Reginald C. Brown, Jr.* and *Mary Layton Wells,* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* Florence, *for respondents-appellants.*

Heard March 23, 1987.

Decided May 11, 1987.

*Per Curiam:*

This appeal concerns an action for admeasurement of dower commenced by Mary H. Wilson (wife) against her stepson, Randolph M. Wilson (son). The circuit court found the wife entitled to admeasurement of dower and referred the matter to a Special Referee to admeasure her dower and dispose of the son's counterclaims. Both parties filed exceptions to the report of the Special Referee. The circuit court

considered the exceptions and made new findings in an order dated July 16, 1985. The parties now appeal from the order of the circuit court. We affirm as modified.

The wife and Lawrence M. Wilson (husband) were married in May 1967. At that time, the wife moved into the residence which is the subject of this action. On February 16, 1976 the husband deeded the marital residence to his son without the wife's renunciation of dower. The husband shortly thereafter moved off the property, which the wife continued to occupy. The couple initiated divorce proceedings. Pursuant to a Rule to Show Cause dated April 21, 1976, the circuit court granted the wife exclusive possession and control of the marital residence pending a hearing and enjoined the husband from interfering with her possession. Although the son was not a party to the marital litigation, he knew about the litigation and on the advice of the husband's counsel, he "let it go at that." On May 31, 1976, the court issued an order requiring the husband to pay the wife pendente lite support of $25.00 per week "while she has use of the resident (sic) property. This Order to change if she vacates the residence property for any reason."

The husband died on July 22, 1978, before the divorce proceedings were concluded. The wife continued to occupy the former marital residence until it was partially destroyed by fire on February 8, 1981. She testified that she continued to occupy the property under the May 31, 1976 order. Both parties maintained fire insurance policies on the residence at the time of the fire. Following the fire, their insurance carriers reimbursed the wife for one-sixth of the $30,000.00 loss, or $4,879.93, and reimbursed the son for $24,399.68, or his five-sixths interest. By a consent order on September 29, 1981, the parties delivered these proceeds to the Clerk of Court for deposit in a bank account.

On August 17, 1978, the wife commenced suit for admeasurement of dower in the marital residence and for specific performance of an agreement with the husband to make a will in her favor. The specific performance issue was tried before a jury on October 1980. Counsel and the trial judge agreed to hold the dower action in abeyance until the final determination of the specific performance issue. A nonsuit was taken as to defendants Riley Clark, Jr., and Star

Forms and Labels, Inc. Following testimony, the trial judge directed a verdict for the son on specific performance. The Supreme Court affirmed under Rule 23 by its order filed May 31, 1983.

On September 26, 1983, the wife moved for a hearing on her admeasurement of dower cause of action. The son filed a separate action seeking a declaratory judgment declaring dower unconstitutional. The circuit court granted the wife's motion to abate this action until the Supreme Court ruled on the constitutionality issue in the case of *Boan v. Watson,* 281 S. C. 516, 316 S. E. (2d) 401 (1984). Following filing of the *Boan* decision barring dower for widows of husbands dying *after* May 22, 1984, the wife amended her complaint for admeasurement of dower.

The son entered a general denial to the wife's amended complaint. By way of affirmative defenses and counterclaims he requested that her dower be denied as unconstitutional, and that if dower should be awarded, the wife's interest be determined in the property in its present condition, excluding any personal property located in the home, and further excluding any monies received from the insurance carriers for fire loss to the property. He also requested that he be awarded the insurance monies received for the fire loss and a judgment or a credit against the wife's dower interest for: the fair rental value of the real and personal property occupied by the wife following her husband's death; the amount of the unreimbursed damage to the property caused by the fire which had not been paid by the insurance carrier; and amounts paid by the son for taxes and insurance on the property during the wife's occupancy.

The Referee found that the wife's one-sixth dower interest in the property was valued at $9,666.67 in accordance with the parties' stipulation that the property was worth $58,000.00 at the time of alienation. He awarded the wife interest on her award under provisions of Section 34-31-20(B) from the time of the husband's death on July 22, 1978 through January 9, 1985, for a total amount of $6,304.26. The Referee found the wife's occupancy of the property analogous to that of a co-tenant in possession. He found $300.00 per month to be a reasonable rent for the property during the thirty month period of the wife's occu-

pancy for a total rental value of $9,000.00. He awarded the son two-thirds of this amount, or $6,000.00. Against this $6,000.00, however, he allowed the wife an offset of $600.00 for repairs and improvements she made to the property during her occupancy, and an additional $600.00 offset as a reasonable rent-free period to remove herself from the marital residence following her husband's death. He, therefore, determined that the wife owed the son adjusted rent of $4,800.00. The Referee allowed the son a set-off against the wife's dower award for that amount of rent and valued the wife's adjusted dower award at $11,170.93.

Although the Referee made a specific finding of fact that the insurance proceeds received by the parties were deposited under a consent order, he made no recommendation on the wife's entitlement to the insurance proceeds. He did, however, recommend that the Clerk of Court pay the wife's award from the funds deposited by the son.

Both parties excepted to the Referee's report. The wife submitted her dower award should be $15,970.93. She claimed the Referee erred in awarding the son rent for her occupancy. She also claimed she occupied the property under the common law doctrine of quarantine and that the son should be limited to claiming damages for trespass, which he had not raised in his pleadings. She asserted the son should be estopped from requesting rent or alternatively the Statute of Limitations should bar an action for rent or trespass. The wife further claimed a right to occupy under the May 31, 1976 court order. Finally, the wife claimed the Referee erred in failing to find her entitled to repayment of the $4,879.93 in insurance proceeds which she had delivered to the Clerk of Court.

The son filed twenty-one exceptions with the circuit court. He protested that the Referee erred: in not specifying the amounts of the insurance monies belonging to each party on deposit with the Clerk of Court; in finding $300.00 a reasonable rental for the property; in offsetting the wife $1,200.00 for repairs and for a reasonable time to move: in awarding him only two-thirds of the rental value of the property; in not giving him credit for paying taxes and insurance on the property; in applying the statutory interest rate to the dower award; in not deducting the insurance amount re-

ceived by the wife from her dower interest; in not awarding him costs; in analogizing the wife's status to that of cotenant; in not finding the doctrine of quarantine abrogated by specific dower statutes; and in recommending the wife be entitled to receive funds from his insurance monies deposited with the Clerk of Court.

The circuit court filed an order on July 16, 1985, upholding the referee's value of the wife's dower interest. The court disallowed the Referee's finding that the wife was a cotenant, but also declined to apply the law of quarantine. The court found the wife's extended occupancy resulted from confusion over the May 31, 1976 order and the delayed trial proceedings. Thus, the court found it would be "inequitable" to give either party a credit or set-off for rents. The court also found the wife was not responsible for any portion of taxes paid after the husband's death. The court further found the parties had stipulated to the correct calculations of interest, which the court calculated under Section 34-31-20 at the legal rate of interest on judgments. The court, however, declined to grant the wife interest for the thirty month period during which she lived in the house following her husband's death. He, therefore, awarded her interest from February 1981 in the amount of $4,037.79.

Regarding the insurance proceeds, the court found the Referee should have indicated $4,879.93 in insurance proceeds were deposited with the Clerk of Court by the wife, and $24,399.68 by the son. The court found the funds on deposit represented the wife's one-sixth interest and the son's five-sixths interest, and that the amount the son received on his policy was affected by the wife's policy. He found, however, that it would be "inequitable" for the wife to recover her insurance proceeds in addition to part of the son's insurance proceeds. The court, therefore, applied the wife's insurance recovery and accrued interest as an offset against her dower award. The court, finally, ordered the son to pay from his insurance proceeds the wife's dower award plus statutory interest from February 1981, less her insurance proceeds, for a total award to the wife of $6,569.34.

Both parties appeal the circuit court's order. We will consider the appeals separately. An action for admeasurement of dower is equitable. *Lane v. Lane*, 211 S. C. 536, 34

S. E. (2d) 754 (1945); *see,* Section 14-11-140, Code of Laws of South Carolina, 1976 (granting masters authority to admeasure dower.)

## WIFE'S APPEAL

The wife first claims that the circuit court incorrectly subtracted her insurance recovery from her dower interest. We agree. A widow's unassigned dower interest in property is insurable. 43 Am. Jur. (2d) *Insurance* Section 956 (1982), citing *American Equitable Assurance Co. v. Powderly Coal & Lumber Co.,* 225 Ala. 208, 142 So. 37 (1932) (wherein the court stated that a property right was not an essential ingredient of an insurable interest, but any limited or qualified interest, equitable right, or expectancy of advantage would suffice; stated differently, whatever furnished a reasonable expectation of pecuniary benefit from continued existence of the subject of the insurance was a valid insurable interest.) Absent some authority from the son, the wife had no property interest to insure. The evidence shows no such authority. Therefore, the wife necessarily insured only her expectancy of dower in the property. *See, In Re Johnson's Estate,* 175 Wis. 248, 185 N. W. 180 (1921). Without an agreement between the wife and the son that she would insure the property partly for his benefit, the son was not entitled to any part of the wife's recovery. We, therefore, hold the circuit court erred in deducting from her dower award the wife's insurance recovery.

The wife claims that the circuit court erred in declining to apply the law of quarantine to this case. She argues her occupancy was an extended use under the doctrine of quarantine and not an estate or occupancy for which she could be charged as an offset against her admeasured dower. She argues further that until dower was assigned, she had a right to continue occupying the marital home rent free. The son argues the common law doctrine of quarantine no longer exists in South Carolina in light of the specific dower statutes, but that if it is a viable doctrine, a widow is entitled to reside in the residence rent free for only forty days after the death of her husband, and is regarded as a trespasser if she remains on the property beyond this period.

The Special Referee found "as a matter of law that the

law governing quarantine should not be applied but that the case should be decided in accordance with general equitable considerations and law." He found the situation analogous to the right of a co-tenant to make a claim for rent against another co-tenant in possession, and awarded the son rent.

The circuit court found it would be "inequitable" to award either party credits or rents for the thirty month period the wife occupied the property after her husband's death, citing confusion over the May 31, 1976 order and the delay caused by the specific performance trial. The court recognized that under the law of quarantine, a widow is allowed to remain on the property a reasonable period of time after her husband's death while she awaits admeasurement of dower. The judge, however, supported the Special Referee's refusal to apply the law of quarantine in this situation, "as the statutory rules governing admeasurement of dower are applicable."

■ We do not find it necessary to reach the question of whether the doctrine of quarantine has been superseded by the dower statutes, since by definition, quarantine cannot apply to the facts of this case. Under the English common law of quarantine as later codified in Magna Carta, a widow may remain in the chief residence of her husband for forty days following his death while awaiting her admeasurement of dower. *Cave v. Anderson,* 50 S. C. 293, 27 S. E. 693 (1897); *McCully v. Smith,* 18 S. C. L. (2 Bail.) 103 (1831); *Roach v. Davidson,* 5 S. C. L. (3 Brev.) 80 (1812). During quarantine, the widow is considered to continue her husband's estate, and is not considered to have an estate of her own. *Roach v. Davidson, supra.* The widow, therefore, has no higher title than the husband had in his lifetime, and is in no better condition to defend her possession against a paramount title than her husband would have been. 25 Am. Jur. (2d) *Dower and Curtesy* Section 174 (1966).

■ In this case, the husband conveyed the subject property, which was still the marital residence, by deed to his son in 1976. The husband vacated the residence shortly thereafter, and died in 1978. The wife cannot have quarantine in a house which did not belong to her husband, since she has no better title than he had at the time of his death. In this requirement of possession quarantine is dis-

tinct from dower. The dower right attaches to all lands of which the husband was seized during coverture, and his alienation of this property without his wife's release or bar of her dower right does not affect her dower interest. *Watkins v. Justice*, 112 S. C. 329, 98 S. E. 193 (1919); *Avant v. Robertson*, 27 S. C. L. (2 McMul.) 215 (1842). We hold, therefore, that quarantine cannot apply in this situation. Although we disagree with the court's reasoning, we affirm its refusal to apply the law of quarantine in this case. *See, Benat v. State Farm Mut. Ins. Co.*, 286 S. C. 132, 333 S. E. (2d) 57 (Ct. App. 1985).

The wife also argues that she should have been allowed statutory interest on her dower award during the thirty month period she occupied the property after her husband's death. Section 21-5-970, Code of Laws of South Carolina, 1976 provides the manner in which the value of dower shall be established against a purchaser, such as the son. The section states, "the value of the land at the time of alienation by the husband, with interest from the accrual of the right of dower, shall be taken and received by the courts of this State as the true value on which to assess the dower, ..." The circuit court found that the wife was not entitled to interest on her award because it reasoned that she had not been deprived of her right to dower in the property. We agree. In *Pruitt v. Pruitt*, 57 S. C. 155, 165, 35 S. E. 485, 489 (1900), the court in discussing the possibility the commissioners may not be able to divide the property in kind so as to permit the wife to enjoy her dower interest in a specific parcel of land stated that the commissioners "may determine to assess a sum of money ... with interest from the accrual of the right of dower, in which case the interest would be legal compensation for the detention of the dower."

While case law holds that a widow's right to interest on her dower award commences from the date of her husband's death, *Jefferies v. Allen*, 34 S. C. 189, 13 S. E. 365 (1891), the right to interest presupposes the widow has been deprived of her right of dower. It would be an anomaly in the law indeed if a widow who has not renounced dower could utilize the former property of her husband for as long as she desired after his death, then bring an action to admeasure her dower and demand interest on her award from the date of

her husband's death. We, therefore, agree, with the circuit court that the wife's right to receive interest on her dower award accrued only from the date she vacated the property after the fire in 1981.

The son argues that even if the wife is entitled to interest on her dower award, it is not statutory interest as provided in Code Section 34-31-20, but such interest as may be established by the commissioners who assess her dower. We disagree. Commissioner awards in dower may not be set aside unless controlled by error of law. *Lesesne v. Russell,* 1 S. C. L. (1 Bay) 459 (1975); *Gibson v. Marshall,* 27 S. C. Eq. (6 Rich. Eq.) 210 (1854); *Stewart v. Blease,* 5 S. C. 433 (1874); *Irwin v. Brooks,* 19 S. C. 96 (1883); *see,* Code Section 21-5-930. Here, however, it does not appear that the commissioners dealt with the question of interest. Nor is there any indication that the son objected to their failure to settle the matter. *Mellichamp v. Seabrook,* 2 S. C. 366 (1871) (objection to return of commissioners must be made by exception). It was therefore not error for the referee and circuit court to establish the rate of interest. A person who is otherwise obligated to pay interest on an obligation is bound to pay at the legal rate unless there is an express agreement otherwise. *Gaillard ads. Ball,* 10 S. C. L. (1 Nott & McC.) 67 (1818); *see, Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.,* 272 S. C. 289, 251 S. E. (2d) 738 (1979).

The wife's final contention is that the circuit court should have allowed her reimbursement for expenditures for repairs and improvements to the property. Before assigned, dower is not an estate or interest in land. *Lamar v. Scott,* 38 S. C. L. (4 Rich.) 516 (1851). Moreover, a widow is not ordinarily required to pay for repairs necessary to keep the buildings on her husband's lands in a tenantable condition or for permanent improvements made prior to the assignment of dower. 28 C. J. S. *Dower* Section 68 (1941); 25 Am. Jur. (2d) *Dower and Curtesy* Section 176 (1966). We, therefore, hold the wife is entitled to reimbursement for the sums paid by her for repairs and improvements. Like the circuit court, however, we do not find her entitled to reimbursement of $600.00, but rather $355.00 representing $75.00 for a roof repair bill, $80.00 for an electrical repair bill and

$200.00 for trees planted. The wife testified to no other specific sums expended.

## THE SON'S APPEAL

The son first points to error in the failure of the circuit court to offset the wife's dower award by the reasonable rental value of the property during the period she occupied it after the husband's death. He also contends the wife should have been required to pay the taxes and insurance premium on the property during this same period. To decide these points, we must first look at the wife's status on the property subsequent to her husband's death. Characterizing the wife's occupancy presents some difficulty. While the *Lamar* case designates a widow who enters upon property after her right of quarantine has expired as a trespasser, here the wife's occupancy is somewhat different because the son, while not granting her permission to remain on the land, at least acquiesced in her occupancy of the residence. Yet, we find nothing in the record to indicate that the son waived his right to receive rent from the wife. Besides, even if we were to treat the wife as a mere trespasser, the son may under provisions of Section 27-35-40, Code of Laws of South Carolina, 1976 waive the tort of trespass and treat the wife as a tenant at will. This he has implicitly done. It is especially appropriate that the son be awarded rent because the parties have called upon a court of equity to in effect settle the accounts between them and balance the equities. We, therefore, agree with the Special Referee that the wife should have been required to pay two-thirds of the fair rental value of the property during the thirty month period she occupied it after the husband's death. Since inferentially, by election, the son has treated the wife as a tenant at will, it would be inappropriate and inequitable to require her to pay any portion of the taxes or the son's insurance premium.

The son's final argument is that there is no evidence that the fair rental value of the property was $300.00 per month. We agree. The son's expert witnesses testified to a range of rental values from $350.00 per month to $425.00 per month. The son testified that he thought the property should rent for between $350.00 and $400.00 per

374

month. The wife offered no evidence on this point. Since this is an equity case we may make our own finding regarding the fair rental value for the property. Our view of the record reflects a fair rental value of $350.00 per month for the thirty month period the wife occupied the property and a total rental value for the period of $10,500.00

## CONCLUSION

In conclusion, we hold that the adjusted value the circuit court arrived at as the value of the wife's dower award was substantially correct. However, we arrive at our figure somewhat differently. Our calculations are as follows:

| | | |
|---|---|---|
| 1. | Value of wife's dower interest .................... | $ 9,666.67 |
| 2. | Interest from 2/9/81 to 6/1/85 at statutory rate .. | 4,037.79 |
| 3. | Reimbursement for repairs and improvements .... | 355.00 |
| | Total credits ............................... | $14,059.46 |
| 4. | Less adjustment for rents due the son for the thirty month period (⅔ of $10,500.00) ........... | 7,000.00 |
| | ADJUSTED VALUE OF WIFE'S DOWER AWARD ...................................... | $ 7,059.46 |

Affirmed as modified.