**Margaret W. WESTMORELAND, Petitioner,**

v.

**Rebekah Jones WESTMORELAND, as Executrix of the Estate of Robert W. Westmoreland, and the United States of America, Respondents.**

Civ. A. No. 2:86–2665–1.

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 23, 1988.

C. Dixon Lee, III, Columbia, S.C., for petitioner.

Spencer A. Syrett, Columbia, S.C., for respondent Westmoreland.

Betsy E. Burke, Tax Div., Dept. of Justice, Washington, D.C., for respondent U.S.

Robert F. Anderson, Columbia, S.C., for receiver.

### ORDER

HAWKINS, District Judge.

This matter is before the court on the report and recommendation of United States Magistrate Robert S. Carr filed November 2, 1988, and petitioner's objections/exceptions thereto filed November 14, 1988.

The action was originally brought by petitioner to foreclose her judgment lien against certain real property of the Estate of Robert W. Westmoreland and to determine the priority of competing claims to the proceeds of sale.

Respondent United States of America has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and petitioner Margaret W. Westmoreland (first wife of the deceased Robert

Westmoreland) and respondent Rebekah Jones Westmoreland (second wife of Robert Westmoreland) have filed cross-petitions for summary judgment.

The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed.R. Civ.P. 56.

> Of course a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issue of material fact.

*Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertion of his pleadings. Fed.R.Civ.P. 56(e); *see Celotex,* 477 U.S. 317, 106 S.Ct. 2548.

Thus,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element of that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

The facts in this case are not in dispute and are set out in detail in the Magistrate's report. These facts invoke Title 31, United States Code Section 3713, commonly known as the "insolvency statute." In relevant part, the insolvency statute provides:

**§ 3713. Priority of Government claims**

(a)(1) A claim of the United States Government shall be paid first when—

\*        \*        \*        \*        \*        \*

(B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

■ The parties do not dispute that the assets of the estate are "not enough to pay all debts of the debtor," or that the decedent's assessed income tax deficiencies are debts due to the United States from the estate. What is in dispute is whether the United States is entitled to priority for tax liens in the case of an insolvent estate where there exists prior recorded judgment liens. In effect, petitioner would carve out an exception to the insolvency statute which would give a prior recorded judgment lien priority over a claim of the United States government. A search of the case law reveals that neither the United States Supreme Court nor any other court in a published decision has carved out an exception to the insolvency statute in the case of a statutory lien against real estate.

Briefly, the petitioner in this case, as the result of a divorce action, was granted judgment against decedent in 1980 in the amount of $75,500 pursuant to an order of the Family Court of the Twelfth Judicial Circuit, Florence, South Carolina. This judgment was duly indexed and recorded in the public records of South Carolina, and was affirmed on appeal by the Supreme Court of South Carolina on September 22, 1981. The United States asserts a claim to the assets of the decedent's estate by virtue of unpaid personal income taxes in the approximate amount of $580,000. The court takes judicial notice of insolvency based on the fact that the liabilities of the estate as listed in a petition for probate are in the amount of approximately $800,000,

while the estate assets are approximately $350,000.

In the case of *United States v. Gilbert Associates*, 345 U.S., 361, 366, 73 S.Ct. 701, 704, 97 L.Ed. 1071 (1953), the Court stated: "[a] lien [must] be attached to certain property by reducing it to possession on the theory that the United States has no claim against property no longer in the possession of the debtor." This the petitioner failed to do; therefore, in accordance with the statute, the claims of the United States must be paid first.

■ Petitioner further argues that if the insolvency statute did cause federal tax liens to have priority over a recorded judgment lien, then the fifth amendment to the United States Constitution, requiring that private property shall not be taken for public use without just compensation, has been violated, and, hence, the insolvency statute is unconstitutional. The Magistrate found this contention to be without merit, and this court agrees in that finding and adopts the Magistrate's reasoning *in toto*.

The United States admits that the federal tax claims have second priority among these competing interests. They assert that Rebekah Jones Westmoreland's interest in the proceeds, by virtue of her dower right, has priority over its interest.

For the foregoing reasons, it is the opinion of this court that Rebekah Jones Westmoreland's interest in her late husband's estate shall be accorded first priority; the claims of the United States of America by virtue of its tax liens and the insolvency statute shall be granted second priority; petitioner's judgment lien shall be accorded third priority. Accordingly, the Magistrate's report and recommendation is adopted and incorporated as a part of this order by specific reference. And it is

ORDERED, that the motion of the United States of America for summary judgment be, and the same is hereby, granted. It is

ORDERED FURTHER, that the cross-motions for summary judgment of Rebekah Jones Westmoreland and Margaret W.

Westmoreland be, and the same are hereby, denied.

AND IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

ROBERT S. CARR, United States Magistrate.

This matter is before the undersigned United States Magistrate for consideration of the motion by the defendant, United States of America, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The basis for defendant's motion is that there is no dispute as to the relevant material facts and that, as a matter of law, the federal tax claims of the United States against the estate of Robert W. Westmoreland have priority over the claims of the petitioner. The petitioner, Margaret W. Westmoreland, has opposed the United States' motion for summary judgment, and filed a cross-motion for summary judgment that her judgment lien is entitled to priority over the claims of the United States and over the dower interest of Rebekah Jones Westmoreland, respondent. Rebekah Jones Westmoreland has joined in Margaret W. Westmoreland's opposition and cross-motion for summary judgment.

The facts in this case are not in dispute. The action was filed in the Court of Common Pleas for Georgetown County, South Carolina, by petitioner, Margaret W. Westmoreland, to foreclose her judgment lien against certain real property of the Estate, and to determine the priority of competing claims to the sale proceeds. The United States of America removed the action to this court.

A receiver was appointed by prior order of this court and has been directed to sell the real property in question. The receiver has listed the property for sale at a price of one hundred and fifty thousand dollars ($150,000.00). However, no purchaser has been found to date. There are no outstanding mortgages or other liens against the property except those involved in this litigation. After sale and payment of the cost of sale and expenses of the receiver, the

net proceeds will be available to be applied toward satisfaction of the competing interests involved in this action.

The petitioner, Margaret Westmoreland, is the surviving first wife of the decedent. On December 16, 1980, Margaret Westmoreland was granted a judgment pursuant to an order of the Family Court of the Twelfth Judicial Circuit, Florence, South Carolina, in the amount of seventy-five thousand five hundred ($75,500.00) dollars against the decedent. This judgment was duly indexed and recorded in the public records of Horry County, South Carolina, on December 24, 1980. On that date and prior thereto, Robert W. Westmoreland owned a house and lot situated in Horry County, South Carolina. Petitioner's judgment against Robert W. Westmoreland was affirmed, on appeal, by the South Carolina Supreme Court on September 22, 1981.

Robert W. Westmoreland married Rebekah Jones Westmoreland on November 13, 1981, and died on May 9, 1982. Rebekah Jones Westmoreland is the lawfully appointed and duly qualified executrix of the Estate of Robert W. Westmoreland. On the date of his death, the decedent owned a house and lot in Horry County, South Carolina, subject to a mortgage in favor of Security Federal Savings and Loan Association with an outstanding balance of approximately one hundred thousand ($100,000.00) dollars.

Pursuant to an order of the Probate Court in Horry County, South Carolina, dated April 25, 1983, the foregoing house and lot was exchanged for a house and lot in Georgetown County, South Carolina, on June 10, 1983, in order to preserve assets and avoid foreclosure by Security Federal Savings and Loan Association. The Georgetown County house and lot is not subject to any mortgage. The foregoing Probate Court order provides that the dower rights of the widow, Rebekah Jones Westmoreland, and all rights of secured creditors are preserved in the Georgetown County property. On August 3, 1984, petitioner's judgment against Robert Westmoreland was duly indexed and recorded in the public records of Georgetown County, South Carolina.

Respondent, Rebekah Jones Westmoreland, claims a dower interest of one-sixth (1/6) of the value of the Georgetown County real property as Robert Westmoreland's widow. The United States of America asserts a claim to the assets of the decedent's estate by virtue of unpaid personal income taxes for the years 1975 through 1980 in the amount of almost five hundred thousand ($500,000.00) dollars, personal income taxes due for the year 1981 in the amount of almost fifty thousand ($50,000.00) dollars, and withholding employment taxes due in the amount of approximately thirty thousand ($30,000.00) dollars.

There has been no decree of insolvency rendered in the Probate Court, but judicial notice should be taken of insolvency based upon the fact that the liabilities of the Estate as listed in the petition for probate are approximately eight hundred thousand ($800,000.00) dollars, while the estate assets are approximately three hundred fifty thousand ($350,000.00) dollars.

The United States admits that the federal tax claims have second priority among these competing interests. They assert that Rebekah J. Westmoreland's interest in the proceeds by virtue of her dower rights primes their interest. However, they assert that the United States has priority over Margaret Westmoreland's recorded judgment lien.

The United States has never recorded the federal tax liens in Horry County, South Carolina, and did not record in Georgetown County, South Carolina until December, 1984 and April, 1986. These recordings postdate petitioner's judgment lien and the death of Robert Westmoreland.

A review of the facts and relevant case law indicate that the government's motion for summary judgment should be granted and that Margaret Westmoreland and Rebekah Westmoreland's cross-petition for summary judgment be denied. After administrative expenses, first priority should be that of the dower claims of Rebekah Westmoreland, followed by the tax claims of the United States of America, and final-

ly the judgment lien claim of Margaret Westmoreland.

Rebekah J. Westmoreland is named as a respondent in her capacity as executrix. She asserts an interest in the proceeds of the sale as the real property referenced in the complaint by virtue of her dower interest. *See, Boan v. Watson*, 281 S.C. 516, 316 S.E.2d 401, 403 (1984). *Also See, Or v. Or*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). Under South Carolina law, her dower right arose upon marriage, and Rebekah Westmoreland is entitled to a one-sixth (⅙) interest in the proceeds from the sale of real property of the decedent. *See, Estate of Kennedy v. United States*, 302 F.Supp. 343 (D.S.C.1969). Her dower rights became choate upon her husband's death, and primes the tax liens.

The facts of this case invoke 31 U.S.C. § 3713 commonly known as the Insolvency Statute, rather than its counterpart, the Federal Tax Lien Act, 26 U.S.C. § 6323. In relevant part the Insolvency Statute provides:

> (a)(1) —a claim of the United States government shall be paid first when—
> (B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

Section 3713 is clearly applicable here. First, the claims against the Westmoreland estate far exceed the assets in the custody of the executrix. Thus, the parties do not dispute that the estate's assets are "not enough to pay all debts of the debtor". Second, it is unquestioned that the decedent's assessed income tax deficiencies are "debts" due to the United States from the estate.

Margaret Westmoreland and Rebekah Westmoreland assert, however, that the Insolvency Statute does not give the United States of America priority for tax liens in an insolvent estate where their exists prior recorded judgment liens. In effect, they would carve out an exception to the Insolvency Statute which would mimic the priorities of the Federal Tax Lien Act in some respects. They assert that the United States would have priority over all credi-

tors of the estate except prior recorded judgment liens against realty and choate dower rights. No such exception, however, exists.

In 1963, the Fourth Circuit Court of Appeals, by then Chief Judge Sobeloff, wrote concerning the Insolvency Statute:

> The manifest purpose of the statute, in force since 1797 without significant modifications, is simply to protect the interest of the government in collecting money due to it where the property of an insolvent debtor is involved. Its command is that the United States shall be accorded an absolute priority over the claims of all general lienholders, even though its own lien is general and notice thereof has not been properly filed and recorded.... Appellants resist this conclusion, contending that their ... liens were duly perfected as a matter of state law and that [prior] § 191 does not operate against private liens which are specific and choate. The Supreme Court, however, has never actually held that specific and choate liens asserted by a private claimant are impliedly exempted from the operation of § 191. On the contrary, it has adhered to the view that in enacting § 191, Congress gave no indication whatever of intent to create defeasible priorities. We are likewise inclined to doubt that any exception can be carved out of the sweeping language of § 191 ... to defeat the absolute priority secured to the United States by the statute. (Citations omitted).

*W.T. Jones & Company v. Foodco Realty, Inc.*, 318 F.2d 881, 885, 886 (4th Cir.1963).

In order to overcome the operation and effect of § 3713, the United States Supreme Court has stated, "[a] lien [must] be attached to certain property by reducing it to possession on the theory that the United States has no claim against property no longer in the possession of the debtor", *United States v. Gilbert Associates*, 345 U.S. 361, 366, 73 S.Ct. 701, 704, 97 L.Ed. 1071 (1953). A search of the case law reveals that neither the United States Supreme Court nor any other court in a pub-

lished decision has carved out an exception to the insolvency statute in the case of a statutory lien against real estate.[1]

Lastly, the petitioner argues that if the insolvency statute would cause federal tax liens to prime a recorded judgment lien on realty, then the fifth amendment of the United States Constitution requiring that private property shall not be taken for public use without just compensation has been violated and hence the insolvency statute is unconstitutional. The short answer to this contention is that the United States, pursuant to its taxing power under the sixteenth amendment, was owed sums of money prior to the recording of Margaret Westmoreland's judgment. Any monies Mrs. Westmoreland may have realized from her judgment were already subject to the tax debt of the United States. Further, since the insolvency act has been a law of the United States in substantially the same form for approximately two hundred (200) years, this is not a case where the United States has taken action to destroy or deprive a judgment lienholder of property rights which existed before the government's action. In short, petitioner's contention has no merit.

For the foregoing reasons, Rebekah Jones Westmoreland's interest in her late husband's estate as a result of her dower rights should be accorded first priority among the competing claims. The claims of the United States by virtue of its tax liens and the Insolvency Statute should be accorded second priority. Lastly, Margaret Westmoreland's judgment lien should be accorded third priority.

Accordingly, it is recommended that the summary judgment motion of the United States of America be granted and the cross-summary judgment motions of Re-

bekah Jones Westmoreland and Margaret W. Westmoreland be denied.

---

1. Margaret Westmoreland relies on an unpublished United States District Court for the District of South Carolina case dating from 1803, *U.S. v. Sheriff of Charleston,* Federal Case No. 16,276, for the proposition that the insolvency statute will not be construed as to destroy prior legal liens. In face of current case law with more precedential value, this case lends very little support for petitioner's position. The peti-

tioner also relies on *U.S. v. State,* 227 S.C. 187, 87 S.E.2d 577 (1955), in which the South Carolina Supreme Court affirmed a trial court ruling holding the federal claims under the insolvency statute to be inferior to those of the judgment creditor. Again, in view of more recent persuasive precedent, this case lends little support to petitioner's position.